UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., | |
| Plaintiff, | No. 20 C 570 |
| v. | Judge Thomas M. Durkin |
| COX MEDIA GROUP, LLC et al., | |
| Defendants. | |

## ORDER

The Court has reviewed the May 4, 2020 status report, R. 88, and enters the following order:

### I. Scheduling Order

1. Plaintiff will file its Motion for a Preliminary Injunction forthwith. Plaintiff shall file its supporting materials and Defendants shall file their opposition materials on the schedule set forth below.
2. The parties shall file a proposed protective order governing the treatment of confidential information on or before May 12, 2020. The parties will treat all materials produced prior to May 12, 2020 as governed by the terms of the protective order, when entered.
3. The parties shall conduct a modified Fed. R. Civ. Pro. 26(f) conference by May 8, 2020 to resolve any outstanding disputes about which documents must be produced as part of expedited discovery.
4. The parties shall undertake a reasonable search and review for documents addressed in the Court's April 29, 2020 minute entry, and shall produce responsive, non-privileged documents on a rolling basis, with production completed by May 15, 2020.
5. Plaintiff shall file its memorandum of law in support of its motion for a preliminary injunction on or before June 1, 2020 and shall be limited to 20 pages.
6. Defendants' responsive memorandum of law shall be filed on or before June 22, 2020, and shall be limited to 20 pages.
7. Plaintiff's reply in support of its motion for a preliminary injunction shall be filed on or before June 26, 2020, and shall be limited to 15 pages.[1]

---

[1] This briefing schedule provides the parties an additional day from what was outlined in the Court's April 29, 2020 minute entry. *See* R. 83.

8. Defendants' response to the first amended complaint will be due 14 days after the ruling on the preliminary injunction, in accordance with the Court's February 7, 2020 minute entry.

Given the expedited nature of preliminary injunction discovery, the Court declines to include DISH's proposed language that production be consistent with the procedural requirements detailed in Federal Rules of Civil Procedure 26 and 34. However, document production should comply with all substantive federal discovery law. If a party believes that a specific procedural requirement of Rule 26 or Rule 34 should be included in the Scheduling Order, it should bring it to the Court's attention, but only if the parties cannot reach an agreement at the modified Rule 26(f) conference.

## II. Document Production

The Court has reviewed Defendants' proposed scope of document production and finds it sufficient with the following revisions. Defendants shall produce the following:

  i. The closing binder, which includes approximately 250 documents from the closings of the transactions on December 17, 2019;
 ii. Documents sufficient to show the exchange of signature pages in escrow prior to the closings;
iii. Documents sufficient to show the sequencing of the transactions;
 iv. Documents sufficient to show the planned flow of funds for the transactions;
  v. Documents sufficient to show the actual flow of funds for the transactions;
 vi. Documents sufficient to show the existence and role of NBI Holdings, LLC prior to the transactions at issue; and
vii. Responsive, non-privileged letters, emails, text messages, or other electronic messages, (i) to/from/cc/bcc Aaron Sobel, Houston McCurry, and Nathan Boyarsky (the three Apollo-affiliated individuals identified after reasonable inquiry as most likely to have responsive materials), (ii) sent or received on December 1, 2019 to December 31, 2019, and (iii) that hit on the following search terms: cox OR camelot OR northwest OR terrier OR close OR closed OR closing* OR wire* OR flow* OR releas* OR sequenc* OR "fed ref*" OR "federal reference".

"Sufficient to show" means all documents related to the above outlined topics (not just those dated December 16, 2020 or December 17, 2020) unless privileged or unduly burdensome to produce. If Defendants attach significant additional documents to their responsive memorandum, the Court will disregard them, or if good reason exists for why they were not produced, may permit Plaintiff additional time to file its reply. As detailed in the Scheduling Order, parties should resolve any outstanding disputes about which documents must be produced at the Rule 26(f)

conference. Given the current health crisis, the Court has limited ability to conduct in-court or telephonic hearings. The Court thus admonishes the parties to act professionally and not quibble over minor disagreements that do not advance the merits of this case.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: May 6, 2020