UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| DISH NETWORK L.L.C., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 1:20-CV-00570 Hon. Thomas M. Durkin |
| COX MEDIA GROUP, LLC et al., | ) ) | |
| Defendants. | ) | |

**Agreed Confidentiality Order**

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

**1.** **Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information and Attorney's Eyes Only Information (as defined below). This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2.** **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or

1

employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

3. **Attorney's Eyes Only Information.** As used in this Order, "Attorney's Eyes Only" or "Attorney's Eyes Only Information" means information designated as "ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" by the producing party that the producing party reasonably and in good faith believes contains highly confidential information requiring additional protection, including for example information pertaining to or concerning the terms, structure, or nature of any contracts or agreements regarding retransmission of broadcast signals. Use of the "ATTORNEY'S EYES ONLY" or "AEO" designation is limited to those documents that warrant this higher level of protection. Any party receiving a document designated as "ATTORNEY'S EYES ONLY" or "AEO" shall have the right to challenge such designation as provided in Paragraph 12.

4. **Designation.**

(a) A party may designate a document as Confidential Information or Attorney's Eyes Only Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" on each page of the document and on all copies in a manner that will not interfere with the legibility of the document; in the case of documents produced in native format, by producing a one-page tagged image file format place-holder affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or "ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER, as the case may be, and, if the producing party so desires, including the word "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" or "AEO" in the file name; or, with respect to information that is not capable of production in these formats by some other manner agreed to by the parties to

the Litigation. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential or Attorney's Eyes Only Information. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential or Attorney's Eyes Only Information are not required to be marked.

(b) The designation of a document as Confidential or Attorney's Eyes Only Information is a certification by an attorney or a party appearing *pro se* that the document contains Confidential or Attorney's Eyes Only Information as defined in this order.

    5.    **Depositions.**

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Attorney's Eyes Only Information until the expiration of the 30th day after the transcript is delivered to any party or the witness. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential or Attorney's Eyes Only Information, and thereafter only those portions identified in the Notice of Designation shall be

protected by the terms of this Order.

      **6.**    **Protection of Confidential and Attorney's Eyes Only Information.**

          (a)    **General Protections.** Confidential or Attorney's Eyes Only Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof, or in the related copyright litigation before this Court. Nothing in this Order shall prevent material produced in this litigation by parties to the related copyright litigation (Case No. 20-cv-583) from being used in that related litigation, provided that the material remains subject to this Order or is subject to comparable protections under a protective order entered in the copyright litigation.

          (b)    **Limited Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any person or entity except as set forth in subparagraphs (1)–(9), or the disclosure of any Attorney's Eyes Only Information to any person or entity except as set forth in subparagraphs (1), (3)–(6), and (8)–(9):

    **(1)**    **Outside Counsel.** Outside counsel for the parties and employees of outside counsel who have responsibility for the action;

    **(2)**    **Parties.** Individual parties and in-house counsel and other employees of a party but only to the extent counsel determines in good faith that the assistance of the in-house counsel or other employee is reasonably necessary to the conduct of the litigation in which the information is disclosed but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

    **(3)**    **The Court and its personnel;**

    **(4)**    **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

    **(5)**    **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored

documents;

**(6)** **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(7)** **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information (or Attorney's Eyes Only Information if subparagraph (8) applies), except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts, which exhibits they shall return or destroy after completing such review. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential or Attorney's Eyes Only Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order. Persons not otherwise entitled to receive Confidential or Attorney's Eyes Only Information under this order shall not attend portions of depositions at which such information is disclosed or discussed;

**(8)** **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation) but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

**(9)** **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information or Attorney's Eyes Only Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

5

**7. Third Party Discovery.**

(a) **Notice.**

i. When discovery is sought from a third party in this Action, a copy of this Order must accompany the discovery request.

ii. If a third party determines that this Order does not adequately protect its Confidential Information, it may, within ten (10) calendar days after receipt of a copy of this Order, and after meeting and conferring with the Parties, enter an appearance in this Action for the sole purpose of filing a motion in accordance with applicable rules seeking additional protection from the Court for its Confidential Information. If a third party timely files such a motion, the discovery materials for which additional protection has been sought will be provided only to outside counsel until the third party and the parties have agreed, or the Court has ruled on the third party's motion.

(b) **Protection of Third Party Information.** Third parties may designate information produced as Confidential or Attorney's Eyes Only Information by following the procedures set forth in Paragraph 4 of this Order. Information so designated shall be protected pursuant to the terms of this Order.

**8.     Inadvertent Failure to Designate as Confidential or Attorney's Eyes Only.** An inadvertent failure to designate a document as Confidential or Attorney's Eyes Only Information, or to timely serve a Notice of Designation of deposition testimony, does not, standing alone, waive the right to so designate the document or transcript with the appropriate level of confidentiality. If a party designates a document or transcript as Confidential or Attorney's Eyes Only Information after it was initially produced or after the deadline to serve a Notice of Designation of deposition testimony, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the appropriate level of confidentiality of material during a time when that material has not been designated Confidential or Attorney's Eyes Only Information, even where the failure to so

designate was inadvertent and where the material is subsequently designated Confidential or Attorney's Eyes Only Information.

9. **Privileged Information.** Pursuant to Fed. R. Evid. 502(d), and subject to the parties' right to challenge claims of privilege pursuant to Rule 26, the production of any Document containing privileged information shall not waive any attorney-client privilege or work product protection, either in this Litigation or in any other federal or state proceeding. Instead, the producing party shall be entitled to assert such privilege or protection, and the information and its subject matter shall be treated as if there has been no such disclosure and the producing party shall be entitled to assert such privilege or protection in this or any other Federal, State, or other proceeding. Anyone challenging the protection may not assert as a ground for such motion the fact or circumstances of the production, or use or disclose the protected contents of the privileged material prior to entry of an order from this Court that such use or disclosure is permitted.

(a) In the event that a producing party believes in good faith that a document subject to a valid claim of attorney-client privilege or work product protection has been produced inadvertently or otherwise, counsel shall notify the receiving parties in writing without undue delay.

(b) Upon written notice by such producing party of a disclosure of a privileged document, each receiving party must promptly return, sequester, or destroy the specified information and any copies it has, including any notes or other work product that reveal the content of the privileged information, and must not use or disclose the information (other than to challenge the producing party's claim before the Court, or if a subsequent order of the Court allows such use or disclosure) until the claim has been resolved. If a receiving party

7

disclosed the privileged document to a third party prior to receiving notice of a claim of privilege by the producing party, that receiving party must take reasonable steps to retrieve the information promptly, including by informing all persons to whom the document was disclosed that such information is subject to this Order and may not be copied, distributed, or otherwise used. Within ten (10) business days of receiving a notification under this paragraph, the receiving party shall provide a certification of counsel that the information identified in the notification has been returned, sequestered, or destroyed in compliance with this paragraph.

(c) This order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).

10. **Filing of Confidential or Attorney's Eyes Only Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential or Attorney's Eyes Only Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

11. **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

12. **Challenges by a Party to Designation as Confidential or Attorney's Eyes Only Information.** The designation of any material or document as Confidential or Attorney's Eyes Only Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) **Meet and Confer.** A party challenging the designation of Confidential Information or Attorney's Eyes Only Information must do so in good faith and must begin the

process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information or Attorney's Eyes Only Information, as appropriate, under the terms of this Order.

13. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information or Attorney's Eyes Only Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

14. **Use of Confidential or Attorney's Eyes Only Information at Trial.** Nothing in this Order shall be construed to affect the use of any Confidential or Attorney's Eyes Only Information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential or Attorney's Eyes Only Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum

without disclosing the Confidential or Attorney's Eyes Only Information. The Court may thereafter make such orders as are necessary to govern the use of such Confidential or Attorney's Eyes Only Information at trial.

**15.     Confidential or Attorney's Eyes Only Information Subpoenaed or Ordered Produced in Other Litigation.**

(a)     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential or Attorney's Eyes Only Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential or Attorney's Eyes Only Information in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential or Attorney's Eyes Only Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this

paragraph remain in effect while the party has in its possession, custody or control Confidential or Attorney's Eyes Only Information by the other party to this case.

  **16.** **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

  **17.** **Obligations on Conclusion of Litigation.**

    (a) **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    (b) **Obligations at Conclusion of Litigation.** Within sixty days after dismissal or entry of final judgment not subject to further appeal, all Confidential and Attorney's Eyes Only Information under this Order, including copies as defined in ¶ 4(a), shall be returned to the producing party or destroyed unless the Confidential or Attorney's Eyes Only Information has been offered into evidence or filed without restriction as to disclosure.[1]

    (c) **Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential or Attorney's Eyes Only Information so long as that work product does not duplicate verbatim substantial portions of Confidential or Attorney's Eyes Only Information, and (2) one complete

---

[1] The parties further agree that the receiving party shall destroy documents containing Confidential or Attorney's Eyes Only Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate, and return e-mails (including attachments to e-mails) that may include Confidential or Attorney's Eyes Only Information, or Confidential or Attorney's Eyes Only Information contained in deposition transcripts or drafts or final expert reports.

set of all documents filed with the Court including those filed under seal. Any retained Confidential or Attorney's Eyes Only Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential or Attorney's Eyes Only Information.

(d) **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

18. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

19. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential or Attorney's Eyes Only Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

20. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**So Ordered.**

Dated: 5/14/2020

_____
Honorable Thomas M. Durkin
U.S. District Judge

WE SO MOVE
and agree to abide by the
terms of this Order

*/s/ Jared R. Butcher*

Signature

Jared R. Butcher
Printed Name

*Counsel for DISH Network L.L.C.*

Dated: May 12, 2020

WE SO MOVE
and agree to abide by the
terms of this Order

*/s/ Hille R. Sheppard*

Signature

Hille R. Sheppard
Printed Name

*Counsel for the Terrier Media Defendants*

Dated: May 12, 2020

WE SO MOVE
and agree to abide by the
terms of this Order

*/s/ Brian O'Connor Watson*

Signature

Brian O'Connor Watson
Printed Name

*Counsel for Cox Media Group LLC*

Dated: May 12, 2020

## ATTACHMENT A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DISH NETWORK L.L.C., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:20-CV-00570 |
| | ) Hon. Thomas M. Durkin |
| COX MEDIA GROUP, LLC et al., | ) |
| Defendants. | ) |

## ACKNOWLEDGEMENT
## AND
## AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential or Attorney's Eyes Only Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential or Attorney's Eyes Only Information to any other person, firm or concern.

       The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

                                  _____

                                  _____

Date: _____    _____
                                      Signature