UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., | |
| Plaintiff, | No. 20 C 570 |
| v. | Judge Thomas M. Durkin |
| COX MEDIA GROUP, LLC, et al., | |
| Defendants. | |

ORDER

DISH filed a motion to compel the production of documents pursuant to the Court's April 29, 2020 and May 6, 2020 Orders. R. 98. Specifically, DISH seeks production under category (iii) of the May 6 Order, which required Defendants to produce "[d]ocuments sufficient to show the sequencing of the transactions[.]" R. 90 at 2. Defendants have produced the following documents related to that category: slide decks showing the steps of the transactions and the order in which they occurred; the purchase agreements; ancillary agreements, and corporate documents that prescribed and carried out the transaction steps; and FCC filings and rules that described and approved the structure and sequencing of the transactions. DISH now requests that Defendants expand that production to include the following for the period of January-December 2019: "(a) Documents and communications exchanged between Apollo personnel, on the one hand, and either Brian Brady (CEO of Northwest) or Kim Guthrie (CEO of Cox), on the other hand; (b) Documents and communications that refer to either 'Northwest' or 'NBI' and that contain the term 'after-acquired'; and (c) Due diligence exchanged between the Defendants that refers to either 'Northwest' or 'NBI' and that contains the term 'after-acquired.'" R. 98 at 7.

Category (iii) was intended to address the *actual* sequence in which the transactions occurred. DISH's new requests would expand category (iii) far beyond what is necessary to make that showing. Indeed, the Court's May 6 Order specifically limited electronically-stored-information (ESI) requests targeted at Defendants' communications to category (vii). DISH effectively seeks to turn category (iii) into a broader ESI search. DISH's request may be appropriate during the normal discovery process, but discovery for a preliminary injunction is necessarily limited. The Court finds that the documents Defendants have produced are sufficient to show the sequencing of the transactions for purposes of expedited discovery. DISH's motion to compel is denied. R. 98.

ENTERED:

*Thomas M Durkin*

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: June 17, 2020