IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-CV-00570 |
| | ) | Hon. Thomas M. Durkin |
| | ) | |
| COX MEDIA GROUP, LLC et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO "CORRECT" THE RECORD REGARDING EMAIL TIMESTAMPS AND TO STRIKE PROPOSED FINDINGS OF FACT, CONCLUSION OF LAW, AND ORDER**

The Terrier Defendants' unwarranted Motion to "Correct" the Record (Dkt. 116) should be seen for what it is—an unwarranted surreply[1] intended to distract the Court from the *actual* sequencing of the two transactions at issue—and denied. No matter what time zone is applied to Defendants' emails exchanging the executed transaction documents, whether UTC, EST, or some other time zone, the sole "fact" at issue is whether the Cox documents were exchanged first: they were. Defendants do not dispute this fact. Ice is colder than water, whether on the Celsius or the Fahrenheit scale. Nor do Defendants dispute that the exchange was required as a condition of closing and, as was contractually mandated, was completed "by electronic document transfer," and

---

[1] A surreply is all the more unwarranted because Defendants already have exceeded the page limits set by the Court for briefing on the Motion for Preliminary Injunction. On May 6, 2020, the Court set a briefing schedule providing that "Defendants' responsive memorandum of law … shall be limited to 20 pages." Dkt. 90 ¶ 6. On June 22, however, Cox filed a 7-page responsive memorandum of law (Dkt. 107), leaving 13 pages remaining on Defendants' page limit for the Terrier Defendants' brief. The Terrier Defendants then filed a 20-page responsive memorandum of law (Dkt. 108), 7 pages beyond the Court's page limit.

not over some undocumented phone call. *See* Dkt. No. 1 (ECF Page No. 185), Northwest Purchase Agt. §§ 2.3-2.4.

Most important, even in this thinly-disguised surreply, Defendants' silence regarding the Northwest closing payments is deafening. They have conceded that the final payments required for the closing of the Northwest acquisition occurred *after* the Cox acquisition had already closed, and there is nothing more to say on that point.

Although they say that they are trying to "correct" the record, Defendants offer no actual evidence but only belated arguments of counsel regarding the purported time zones of their own emails. And, although they impute some kind of "blame" to DISH, Defendants never identified any different time zones for the emails during discovery, where they did not produce the native versions of the emails that they now rely on, *see* Dkt. 116 Ex. A and B. Nor did they raise the issue when responding to DISH's Opening Brief in Support of its preliminary injunction motion, which accurately quoted the time-stamps that actually appear on the face of the produced emails. *Compare* Dkt. 95 at 8 *and* Dkt. 114 at 7 *with* Dkt. 95 Exs. 10, 11. The only "new" "document" is Defendants' own internal email to their own document management vendor. *See* Dkt. 116, Ex. C. But that document also says nothing to dispute that the *actual* sequence of the emails remains unchanged—Cox went first, not Northwest. There is nothing to "correct" and therefore no reason for the Court to consider a motion to do so.

Nor do Defendants offer grounds for striking DISH's proposed order including findings of fact and conclusions of law. It is common for such findings and orders, required by Rule 52(a)(2), to be provided as a courtesy to the Court to use as the Court pleases. *See e.g.*, *Ferrin v. Aetna Life Insurance Company*, 1:16-cv-469 at Dkt. 86 (N.D. Ill.) (Durkin, J.); *Ocean Tomo, LLC v. Jonathan Barney*, 1:12-cv-8450 at Dkt. 398 (N.D. Ill.) (Durkin, J.). The proposed order was timely provided

to the Court four days after Defendants submitted their evidence in opposition (which included substantial new and uncorroborated materials in three declarations). The proposed order does not contain new evidence or argument, and Defendants have identified no prejudice as a result. Defendants are in no position to complain about page limits, in light of their own conduct.[2] In short, there is no reason to strike the proposed order.

DISH respectfully requests that the Court deny Defendants' Motion to "Correct" and Motion to Strike.

Dated: June 30, 2020

Respectfully submitted,

/s/ *Jared R. Butcher*
Pantelis Michalopoulos (*pro hac vice*)
Michael Dockterman (ARDC #: 3121675)
Jared R. Butcher (*pro hac vice*)
STEPTOE & JOHNSON LLP (Firm ID: 43315)
227 West Monroe, Suite 4700
Chicago, Illinois 60606
Telephone: (312) 577-1243
Fax: (312) 577-1370

- and -

1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 429-3000

*Attorneys for Plaintiff DISH Network L.L.C.*

---

[2] *See* note 1 above.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 30th day of June 2020, a true and accurate copy of the foregoing was served electronically using the Court's CM/ECF system to all counsel of record and parties receiving electronic notice of pleadings filed in this case.

/s/ *Jared R. Butcher*
Jared R. Butcher