## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-CV-00570 |
| | ) | Hon. Thomas M. Durkin |
| | ) | |
| COX MEDIA GROUP, LLC et al., | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF APPEAL

PLEASE TAKE NOTICE that Plaintiff-Appellee DISH Network L.L.C. hereby appeals to the United States Court of Appeals for the Seventh Circuit from the Memorandum Opinion and Order dated July 20, 2020 (Dkt. No. 120) ("Order"), denying DISH's motion for a preliminary injunction and dissolving a temporary restraining order against all Defendants-Appellees. *See* 28 U.S.C. § 1292(a)(1). To the extent appealable at this stage, DISH also appeals the district court's order for limited document production dated May 6, 2020 (Dkt. No. 90) and its order denying DISH's motion to compel discovery dated June 17, 2020 (Dkt. No. 104). DISH will seek a stay of the Order to prevent dissolution of the temporary restraining order.

Dated: July 20, 2020

Respectfully submitted,

/s/ *Michael Dockterman*

Pantelis Michalopoulos (*pro hac vice*)
Michael Dockterman (ARDC #: 3121675)
Jared R. Butcher (*pro hac vice*)
STEPTOE & JOHNSON LLP
227 West Monroe, Suite 4700
Chicago, Illinois 60606
Telephone:  (312) 577-1243
Fax:  (312) 577-1370

- and -

1330 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone:  (202) 429-3000

*Attorneys for DISH Network L.L.C*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 20, 2020, I caused a true and correct copy of the foregoing motion to be served via the Court's ECF system upon all counsel of record.

*/s/ Michael Dockterman*
Michael Dockterman

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | ) | |
| | ) | |
| Plaintiff / Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-CV-00570 |
| | ) | Hon. Thomas M. Durkin |
| | ) | |
| COX MEDIA GROUP, LLC et al., | ) | |
| | ) | |
| Defendants / Appellees. | ) | |

## CIRCUIT RULE 3(c) DOCKETING STATEMENT

NOW COMES Appellant, DISH Network L.L.C. ("DISH"), by and through its undersigned counsel, and pursuant to Rule 3(c)(1) of the Circuit Rules of the United States Court of Appeals for the Seventh Circuit, hereby submits its Docketing Statement, and in support thereof, states as follows:

**I.      Prior Appellate Proceedings**

DISH's appeal is not related to a prior appeal in this case.

**II.      Statement of Jurisdiction**

DISH brought this action in the Circuit Court of Cook County, Illinois. Defendants removed the action to the U.S. District Court for the Northern District of Illinois, Eastern Division (the "District Court") on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, 1441, and 1446. The District Court denied DISH's Motion to Remand.

The District Court's order denying DISH's Motion for Preliminary Injunction was issued July 20, 2020. DISH filed its Notice of Appeal to this Court on July 20, 2020.

This Court has jurisdiction pursuant to 28 U.S.C. § 1292(a)(1).

1

Dated: July 20, 2020

Respectfully submitted,

/s/ *Michael Dockterman*

Pantelis Michalopoulos (*pro hac vice*)
Michael Dockterman (ARDC #: 3121675)
Jared R. Butcher (*pro hac vice*)
STEPTOE & JOHNSON LLP
227 West Monroe, Suite 4700
Chicago, Illinois 60606
Telephone:  (312) 577-1243
Fax:  (312) 577-1370

- and -

1330 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone:  (202) 429-3000

*Attorneys for DISH Network L.L.C*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 20, 2020, I caused a true and correct copy of the foregoing motion to be served via the Court's ECF system upon all counsel of record.

/s/ Michael Dockterman
Michael Dockterman

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DISH NETWORK L.L.C.,

      Plaintiff,

      v.

COX MEDIA GROUP, LLC, et al.,

      Defendants.

No. 20 C 570

Judge Thomas M. Durkin

### ORDER

DISH filed a motion to compel the production of documents pursuant to the Court's April 29, 2020 and May 6, 2020 Orders. R. 98. Specifically, DISH seeks production under category (iii) of the May 6 Order, which required Defendants to produce "[d]ocuments sufficient to show the sequencing of the transactions[.]" R. 90 at 2. Defendants have produced the following documents related to that category: slide decks showing the steps of the transactions and the order in which they occurred; the purchase agreements; ancillary agreements, and corporate documents that prescribed and carried out the transaction steps; and FCC filings and rules that described and approved the structure and sequencing of the transactions. DISH now requests that Defendants expand that production to include the following for the period of January-December 2019: "(a) Documents and communications exchanged between Apollo personnel, on the one hand, and either Brian Brady (CEO of Northwest) or Kim Guthrie  (CEO of Cox), on the other hand; (b) Documents and communications that refer to either 'Northwest' or 'NBI' and that contain the term 'after-acquired'; and (c) Due diligence exchanged between the Defendants that refers to either 'Northwest' or 'NBI' and that contains the term 'after-acquired.'" R. 98 at 7.

Category (iii) was intended to address the *actual* sequence in which the transactions occurred. DISH's new requests would expand category (iii) far beyond what is necessary to make that showing. Indeed, the Court's May 6 Order specifically limited electronically-stored-information (ESI) requests targeted at Defendants' communications to category (vii). DISH effectively seeks to turn category (iii) into a broader ESI search. DISH's request may be appropriate during the normal discovery process, but discovery for a preliminary injunction is necessarily limited. The Court finds that the documents Defendants have produced are sufficient to show the sequencing of the transactions for purposes of expedited discovery. DISH's motion to compel is denied. R. 98.

ENTERED:

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: June 17, 2020

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3**
**Eastern Division**

DISH Network L.L.C.

                                        Plaintiff,

v.                                                          Case No.: 1:20−cv−00570
                                                            Honorable Thomas M. Durkin

Cox Media Group, LLC, et al.

                                        Defendant.

---

### NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, July 7, 2020:

      MINUTE entry before the Honorable Thomas M. Durkin:Plaintiff's motions to seal [97] [115]are granted. (srn, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DISH NETWORK L.L.C.,

       Plaintiff,

     v.

COX MEDIA GROUP, LLC et al.,

       Defendants.

No. 20 C 570

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

This case involves a contract dispute over the rates DISH Network must pay to retransmit television stations that Defendant Terrier Media Buyer, Inc. purchased from Defendant Cox Media Group. DISH moved for a preliminary injunction so that it may continue to retransmit the stations at issue during this litigation at rates previously agreed upon with Cox. R. 91. For the following reasons, DISH's motion is denied.

## Background

The Court begins with a brief description of the parties. Plaintiff DISH Network is a satellite multichannel video programming distributor. Defendant Cox Media Group is a media conglomerate that owned the television broadcast stations at issue in this case. R. 84 ¶ 2. Defendant NBI Holdings, LLC ("NBI"), through its subsidiary Northwest Broadcasting, Inc. ("Northwest"), owned a different group of television broadcast stations. *Id.* ¶ 40. Defendant Apollo Global Management

("Apollo") is a private equity firm and the parent company of Defendant Terrier Media Buyer, Inc. ("Terrier"). *Id.* ¶ 46.

In March 2019, DISH entered into a three-year contract with Cox that permitted DISH to retransmit 13 Cox television stations in ten major U.S. markets (the "Cox Retransmission Agreement"). *Id.* ¶ 29. DISH had a separate retransmission agreement with Northwest to retransmit 18 broadcast stations that was set to expire on December 31, 2019 (the "Northwest Retransmission Agreement"). *Id.* ¶¶ 40, 42. Under the Cox and Northwest Retransmission Agreements, DISH paid retransmission fees based on a predetermined monthly rate per DISH customer receiving each Cox or Northwest station. *Id.* ¶ 32.

On February 14, 2019, Terrier entered into separate agreements to acquire the Cox stations (the "Cox Purchase Agreement") and the entities owning the Northwest stations (the "Northwest Purchase Agreement"). R. 84 ¶¶ 47, 49. The strategy of these transactions was widely reported: "Apollo would seek to use some of Northwest Broadcasting's contracts, which have higher fees than Cox's, to hike up fees from the cable operators[.]" R. 108-31 at 5 (Liana B. Baker, Greg Roumeliotis, *Exclusive: Apollo nears $3 billion deal to buy Cox TV stations - sources*, REUTERS (Feb. 10, 2019)). Apollo's internal communications confirm that increasing the retransmission rates was a significant part of its plan. *See* R. 95 at 10.

On March 4, 2019, the parties to the Cox and Northwest Purchase Agreements filed public applications with the FCC seeking consent for the transactions. R. 108-20. The Northwest application describes that "[i]n the first transaction, Terrier Media

Buyer, Inc. ("Terrier Media") will acquire companies owning all of the television stations owned by Northwest Broadcasting. After acquiring those companies, Terrier Media will acquire companies owning all of Cox's television stations[.]" *Id.* at 1. The application further states that it "is anticipated that the Northwest Transaction and the Cox Transaction will close in close succession. At the conclusion of the Northwest Transaction and the Cox Transaction, all of the Northwest Stations, Cox Stations, and other assets not regulated by the Commission will be held by subsidiaries of NBI, which will be 100% owned by Terrier Media." *Id.* at 2.

The transactions were designed to trigger the Cox Retransmission Agreement's "Station Change in Control" and the Northwest Retransmission Agreement's "After-Acquired Station" provisions. The Cox Retransmission Agreement provides that a "Station Change in Control" occurs either when 1) an entity gains the ability to control a majority of the board or the voting interests for the Cox stations or to direct the stations' management; or 2) an entity becomes the FCC-authorized assignee or transferee of the broadcast licenses of the Cox stations. R. 95 at 10; R. 109-2 § 17(b). The impact such a change in control has on the Agreement depends on the identity of the acquiring entity. If the acquiring entity has a preexisting retransmission agreement with DISH, the Cox stations become subject to that agreement, and if not, the Cox Retransmission Agreement continues to control. R. 95 at 9-10; R. 109-2 § 17(b).

Meanwhile, the Northwest Retransmission Agreement's "After-Acquired Station" clause establishes that notwithstanding any preexisting agreement, the

Agreement's terms will govern any "After-Acquired Station." R. 84 ¶ 45; 109-1 § 17(c). In turn, the Agreement defines "After-Acquired Station" as "a local television broadcast station not listed in Exhibit A as of [June 6, 2018] . . . of which [Northwest Broadcasting] (or a [Northwest Broadcasting] Affiliate) subsequently becomes the owner or licensee. R. 109-1 § 17(c).

Thus, Terrier's plan was first to acquire NBI and assume the Northwest Retransmission Agreement. R. 108-2 ¶ 32(a). Next, Terrier would transfer the ownership of Camelot Media Buyer (one of Terrier's subsidiaries to which the Cox Purchase Agreement had previously been assigned such that Camelot would directly acquire the Cox stations) to NBI. *Id.* ¶¶ 9, 32(b). Finally, Camelot would acquire the Cox stations. *Id.* ¶ 32(c). The relevant corporate ownership chart appears as follows:



R. 109 at 10.

Defendants contend that the Cox and Northwest transactions closed as planned on December 17, 2019, and thus the Cox stations became After-Acquired Stations governed by the rates set by the Northwest Retransmission Agreement. DISH contends that the Cox transaction closed before the Northwest transaction, and thus Terrier did not have a preexisting retransmission agreement when it acquired Cox, and the Cox Retransmission Agreement's rates remain in effect.

Beginning in December 2019, counsel for NBI informed DISH that the Cox stations were subject to the Northwest Retransmission Agreement. R. 84 ¶ 61. After DISH disagreed, Defendants began to run a crawl message on the Cox stations stating that DISH would lose the stations on January 14, 2020 because "it has refused to agree to reasonable terms for the valuable programming we provide." *Id.* ¶ 68.

On January 15, 2020, DISH filed this case in the Circuit Court of Cook County and moved for a TRO to prevent Defendants from interfering with its right to retransmit Cox stations, which the state court granted *ex parte*.[1] On January 24, Defendants removed the case to federal court. DISH subsequently filed a motion to remand, which this Court denied. *See* R. 57. On February 17, DISH moved for leave to add nondiverse defendants to the case, and on February 19 the parties agreed to

---

[1] The TRO states that "Defendants are temporarily enjoined from taking any action to interfere with performance of the Cox Retransmission Consent Agreement between DISH and Cox, dated March 31, 2019, which will remain in full force and effect until further order of this Court. Defendants, and those in active concert with them, are further enjoined from (i) prohibiting Plaintiff from retransmitting the Cox stations listed below, and/or (ii) otherwise interfering with Plaintiff's right to retransmit those stations." The TRO is available on the docket in the related case also before the Court, *Terrier Media Buyer Inc. v. DISH Network L.L.C.*, No. 20 CV 583 (N.D. Ill.), R. 21-2.

extend the TRO indefinitely pending resolution of whether this Court had subject matter jurisdiction. *See* R. 59.[2] The Court denied DISH's motion to add nondiverse defendants on April 10 and concluded it had subject matter jurisdiction to hear this case. The Court subsequently permitted the parties to undertake limited discovery for purposes of DISH's preliminary injunction motion. *See* R. 80; R. 83. That motion was fully briefed as of June 26, 2020.

## Legal Standard

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To prevail on a motion for a preliminary injunction, "the moving party must make an initial showing that (1) it will suffer irreparable harm in the period before final resolution of its claims; (2) traditional legal remedies are inadequate; and (3) the claim has some likelihood of success on the merits." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 323-24 (7th Cir. 2015) (citing *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008)). "If the moving party makes this showing, the court weighs the factors against one another, assessing whether the balance of harms favors the moving party or whether the harm to other parties or the public is sufficiently weighty that the injunction should be denied." *Id.* at 324 (citing *ACLU of Ill. v. Alvarez*, 679 F.3d 583, 589 (7th Cir. 2012)). "This balancing involves a sliding scale analysis: the greater [the movant's] chance of success on the merits, the less

---

[2] Defendant Cox Media Group took no position on extending the TRO.

strong a showing it must make that the balance of harm is in its favor." *Foodcomm Intern. v. Barry*, 328 F.3d 300, 303 (7th Cir. 2003) (citing *Storck v. Farley Candy Co.*, 14 F.3d 311, 314 (7th Cir. 1994)).

**Analysis**

I.  <u>Likelihood of Success on the Merits</u>

In determining whether a party has a reasonable likelihood of success on the merits, "the court must find that the petitioner's chances are 'better than negligible,' no matter how heavily other equities weigh in her favor." *Kinney for & on Behalf of N.L.R.B. v. Int'l Union of Operating Engineers, Local 150, AFL-CIO*, 994 F.2d 1271, 1278 (7th Cir. 1993) (quoting *Ill. Council on Long Term Care v. Bradley*, 957 F.2d 305, 307 (7th Cir. 1992)). DISH asserts seven claims, including: a declaratory judgment that the Cox Retransmission Agreement remains valid and enforceable (Count I); specific performance of the Cox Retransmission Agreement (Count II); breach of the Cox Retransmission Agreement against Cox and Camelot (Counts III and IV); breach of duty of good faith and fair dealing against Cox (Count V); tortious interference with the Cox Retransmission Agreement against all Defendants (Count VI); and unfair competition against all Defendants (Count VII).

A.  <u>Contract Claims (Counts I-IV)</u>

Turning first to the contract claims, DISH contends that the "only issue is whether the Cox stations are after-acquired stations subject to the Northwest retransmission agreement." R. 95 at 15. The Cox Retransmission Agreement is governed by New York law and the Northwest Retransmission Agreement is

7

governed by Colorado law. R. 109-1 at § 18(a) (Northwest); R. 109-2 § 18(a) (Cox). As such, the Court will apply Colorado law to the extent DISH's contract claims hinge on the Northwest Agreement and New York law to the extent they hinge on the Cox Agreement.

The Northwest Retransmission Agreement provides that "[n]otwithstanding any then-existing agreement between DISH and any third party with respect to any After-Acquired Station, an After-Acquired Station will be . . . governed by the terms of this Agreement[.]" R. 109-1 § 17(c). The Agreement defines "After-Acquired Station" as "a local television broadcast station not listed in Exhibit A as of [June 6, 2018] . . . of which Broadcaster (or a Broadcaster Affiliate) subsequently becomes the owner or licensee." *Id.* In turn, the Broadcaster is Northwest and a Broadcaster "Affiliate" means "any person or entity that directly or indirectly (including through one or more intermediaries) controls, is controlled by or is under common control with [Northwest]." *Id.* § 1(a).

DISH does not dispute that NBI, as Northwest's parent, is a Broadcaster Affiliate, or that Terrier and the Camelot entities became Broadcaster Affiliates when they acquired NBI. Rather, DISH argues that the Cox Retransmission Agreement should continue to control because Terrier acquired the Cox stations *before* the Northwest stations and thus did not have a preexisting retransmission agreement. *See* R. 109-2 § 17(b)(v). Indeed, DISH continues, because the Cox transaction closed first, the Northwest stations became After-Acquired Stations pursuant to the Cox Retransmission Agreement. *See id.* § 17(d).

Section 2.3 of the Northwest Purchase Agreement states that "the closing of the purchase and sale of the Interests . . . shall take place by electronic document transfer (*i.e.*, .pdf signature pages and fully executed documents exchanged via email) immediately prior to . . . the closing of the [Cox] transactions." R. 108-7 § 2.3. Nevertheless, DISH points out that the email containing the executed documents for the Cox transaction was sent before the email containing the executed documents for the Northwest transaction. *See* R. 95-10 (Cox email); R. 95-11 (Northwest email). But those emails expressly state that the signature pages "are being sent *in escrow pending our express authorization to release*." (emphasis added). Thus, the order in which those emails were sent did not impact which transaction closed first.

Meanwhile, Defendants submitted affidavits from Aaron Sobel, a principal at Apollo Global Management, and Brian Brady, a director at Terrier and the former president of NBI, that a closing call occurred at 11:45 a.m. eastern on December 17, 2019 during which the parties confirmed that they were ready to close, the money was ready to be wired, and all conditions had been satisfied. R. 108-3 ¶ 32; R. 108-2 ¶ 34. Sobel and Brady state that they orally released the executed signature pages, first for the Northwest Purchase Agreement and then for Cox Purchase Agreement. R. 108-3 ¶¶ 32, 34; R. 108-2 ¶¶ 34, 37. DISH has offered nothing to suggest that this is not the order in which the signature pages were released. And indeed, it would be astonishing if the Defendants closed the Cox transaction first given that the entire purpose of acquiring the stations depended on the opposite occurring.

9

DISH also argues that the Cox transaction closed first because one of the conditions precedent to the Northwest Purchase Agreement was paying the debt of the Northwest entities, and the Defendants' flow-of-funds spreadsheet shows that the Cox payments were completed first. *See* R. 95-9 at 3; R. 108-7 § 2.4.1(b). Specifically, after the Northwest signature pages were released, Terrier initiated the wire transfer of the debt payments. R. 109 at 18 (citing Sobel Dec. ¶ 36; Boyarsky Dec. ¶ 12). But two of those payments had to be re-released 2.5 hours later due to a typo in the routing number. R. 108-4 ¶ 13 (Boyarsky Dec.). In the interim, the Cox payments were completed. Yet in arguing that this means the Cox transaction closed first, DISH changes the terms of the Northwest Purchase Agreement. The agreement does not state that the closing "shall take place" by the full amount of the required payments being deposited in Northwest's account (as discussed, the closing occurred when the fully executed electronic documents were transferred). Rather, the agreement provides that "*[a]t the Closing*, the Buyer shall deliver or *cause to be delivered* . . . [the required payments]." R. 108-7 § 2.4.1 (emphases added). Defendants satisfied their obligation to "cause to be delivered" the required payments by initiating the wire transfer after the signed electronic documents were exchanged. It is irrelevant that Cox ultimately received the money in its account first.

In the alternative, DISH contends that the transactions occurred concurrently, and as such, Terrier did not have a preexisting agreement with either Northwest or Cox when the stations were acquired. To support its position, DISH first relies on the second prong of the "Station Change in Control" provision—i.e., when an entity

becomes the FCC-authorized assignee or transferee of the broadcast licenses of the Cox stations. DISH contends that Apollo became the FCC-authorized assignee of the Cox and Northwest stations at the same time because the FCC approved the acquisitions of the groups by one decision. But the "Station Change in Control" provision states that it applies when there is "*a change in the ownership or license status* of [the stations], . . . the result of which is an entity or group of entities . . . becoming the FCC-authorized assignee." R. 109-2 § 17(b) (emphases added). The FCC decision granted "consent to (1) the transfer of control of certain license subsidiaries of NBI Holdings, LLC to Terrier Media Buyer, LLC; [and] (2) the transfer of control of certain license subsidiaries of Cox Enterprises, Inc. to Terrier Media Buyer, LLC." R. 108-23 ¶ 45. But the actual change in the ownership or license status of the stations did not occur until the closings on December 17. DISH's argument thus falls flat.

DISH also contends that the Court should treat the acquisitions as a single transaction even if Terrier technically acquired the Northwest stations moments before the Cox stations. In support, DISH cites several cases in which courts "collapsed" a series of transactions. *See* R. 95 at 18. But the "Station Change in Control" provision expressly provides that it applies "whether pursuant to a single transaction or *series of transactions*." R. 109-2 § 17(b) (emphasis added). DISH offers no reason to rewrite the express terms to which it agreed.

Finally, DISH argues that the parties never intended for the "Station Change in Control" provision to permit an entity to acquire two sets of stations and then elect the retransmission agreement with more favorable terms. As an initial matter, the

provision unambiguously allows for an acquiring entity to do exactly that. *See Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 69 (2d Cir. 2014) ("New York law is well settled that a written agreement that is complete and unambiguous is to be interpreted without the aid of extrinsic evidence and that industry practice may not be used to vary the terms of such a contract."). But regardless, DISH was aware that Apollo may acquire the Cox and Northwest stations while it was still negotiating the Cox Retransmission Agreement. Indeed, DISH concluded that should Apollo acquire both entities the "most likely" scenario was that the Cox stations would "go under Apollo's Northwest [retransmission agreement]" and shorten the Cox stations term from March 31, 2022 to December 31, 2019, the date on which Northwest's retransmission agreement was set to expire. R. 109-14 at 8. And DISH unsuccessfully attempted to negotiate including language in the Cox Retransmission Agreement that would have allowed for it to remain in effect notwithstanding any After-Acquired Station provision in a different retransmission agreement. *See* R. 109-15 § 17(b)(iii) (DISH 3/25/19 Draft Cox Retransmission Agreement). DISH cannot now credibly claim that it was blindsided by Defendants' use of the provision.

In sum, Defendants submitted two affidavits stating that on a closing call attended by representatives and lawyers for the parties and the multiple banks and financial institutions involved, Terrier closed the Northwest transaction before closing the Cox transaction. By doing so, it appears the transactions triggered the Cox Retransmission Agreement's "Station Change in Control" provision and the Northwest Retransmission Agreement's "After-Acquired Station" provision such that

the Northwest Agreement then governed the Cox stations. DISH has offered no persuasive evidence based on the timing of the transactions or otherwise to call that narrative into question. Nor does the Court find persuasive DISH's arguments that the transactions should be considered to have closed concurrently. It appears that Defendants simply executed their plan as contemplated, and in a way that was permitted under the Cox and Northwest Retransmission Agreements. That DISH was economically disadvantaged by it does not mean Defendants' actions were in breach of contract. Accordingly, DISH has not demonstrated a reasonable likelihood of success on the merits of its contract claims.

B.  <u>Breach of Duty of Good Faith and Fair Dealing, Tortious Interference, and Unfair Competition Claims (Counts V-VII)</u>

The gravamen of DISH's breach of good faith and fair dealing, tortious interference, and unfair competition claims is that Defendants frustrated DISH's right to retransmit the Cox stations and then launched a PR campaign to conceal their plan. R. 95 at 19-20. First, to the extent Defendants launched a concealment campaign, those efforts were unsuccessful as DISH was already internally discussing the effect of Apollo's acquisition of Cox and Northwest prior to signing the Cox Retransmission Agreement. *See* R. 109-14 at 8.

But more importantly, DISH has not adduced evidence in expedited discovery to show that Defendants acted unlawfully. As Defendants point out in their response, under New York law, "to have a cause of action for tortious interference of contract, it is axiomatic that there must be a breach of that contract by the other party." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 589 (2d Cir. 2005) (quoting *Jack*

13

*L. Inselman & Co., v. FNB Fin. Co.*, 364 N.E.2d 1119, 1120 (N.Y. 1977)). As previously discussed, DISH has not shown a reasonable likelihood of success on its claim that Cox breached the Retransmission Agreement, and thus its tortious interference claim also seems unlikely to succeed.

Relatedly, an implied covenant of good faith and fair dealing "precludes each party from engaging in conduct that will deprive the other party of the benefits of their agreement." *Leberman v. John Blair & Co.*, 880 F.2d 1555, 1560 (2d Cir. 1989). DISH contends that Cox breached this duty by helping the other Defendants thwart "the purpose of the Cox Retransmission Agreement, which was to establish pricing and other terms by which DISH would be able to retransmit the Cox Stations for the full term of the Agreement." R. 84 ¶ 114. To begin, DISH's memorandum cites an email from Northwest to Apollo discussing working together to "crush [Cox's] soul." R. 95 at 19. This calls into question the extent to which Cox assisted Northwest and Apollo at all. But regardless, "to simultaneously plead breach of contract and implied covenant claims under New York law, a plaintiff must . . . base its implied covenant theory on allegations that are distinct from the factual predicate for its contract claims." *Great Lakes Reinsurance (UK) SE v. Herzig*, 413 F. Supp. 3d 177, 184 (S.D.N.Y. 2019) (alteration in original) (quoting *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, 2009 WL 321222, at *5 (S.D.N.Y. Feb. 9, 2009)). Here, DISH's implied covenant claim is based on the same factual predicate as its breach of contract claims – depriving DISH of its right to retransmit the stations – and thus is unlikely to

14

succeed. *Compare* R. 84 ¶¶ 97-104 (breach of contract claim), *with id.* ¶¶ 111-116 (breach of duty of good faith and fair dealing claim).

Finally, DISH's unfair competition claim also appears to have little to no chance of success. The "essence of an unfair competition claim is that the defendant has misappropriated the labors and expenditures of another and has done so in bad faith." *Carson Optical, Inc. v. Prym Consumer USA, Inc.*, 11 F. Supp. 3d 317, 329 (E.D.N.Y 2014) (quoting *Coca-Cola N. Am. v. Crawley Juice, Inc.*, 2011 WL 1882845, at *6 (E.D.N.Y. May 17, 2011)). DISH alleges that "Defendants have engaged in unfair competition by knowingly and intentionally misappropriating [its] rights—specifically by acting to deprive [it] of (i) its retransmission rights with respect to the Cox stations and (ii) its rights under the change-in-control and assignment provisions of the Cox Retransmission Agreement." R. 84 ¶ 125. But DISH has failed to adduce any evidence that Defendants acted in bad faith.[3] The Cox Retransmission Agreement expressly provides for what would transpire if the Cox stations were acquired by an entity with an existing retransmission agreement. The Defendants simply did what that provision allows. That Defendants availed themselves of it in a way not contemplated by DISH (or at least in a way DISH hoped they would not) does not alone establish bad faith. *See Michele Pommier Models, Inc. v. Men Women NY Model Mgmt., Inc.*, 14 F. Supp. 2d 331, 337 (S.D.N.Y. 1998), *aff'd*, 173 F.3d 845 (2d Cir. 1999) ("a[n unfair competition] claim based only on allegations that a defendant's

---

[3] DISH's discussion of bad faith in its memorandum is limited to a single conclusory sentence: "There is also evidence that Defendants' misappropriation of DISH's rights under the Cox Agreement was done in bad faith." R. 95 at 20.

action is 'unfair' is legally insufficient without a showing of bad faith.") (quoting *Saratoga Vichy Spring Co. Inc. v. Lehman*, 625 F.2d 1037, 1044 (2d Cir. 1980)).

Accordingly, DISH has failed to demonstrate a reasonable likelihood of success on its breach of good faith and fair dealing, tortious interference, and unfair competition claims.

II.    Irreparable Harm and Inadequate Legal Remedies

DISH's failure to demonstrate a reasonable likelihood of success on the merits alone is enough to deny its motion. *See Adams v. City of Chicago*, 135 F.3d 1150, 1154 (7th Cir. 1996). But DISH also has not shown it will suffer irreparable harm in the period before final resolution of its claims, or that traditional legal remedies are inadequate.

The crux of DISH's argument is that if the Court does not issue a preliminary injunction, "the Cox stations will go dark," and this will cause irreparable harm because it will damage its goodwill, cause it to lose subscribers, and diminish its ability to attract new customers. R. 95 at 21. But Defendants cannot prevent DISH from retransmitting the stations. They go dark only if DISH so chooses.[4] DISH contends that this presents a "Hobson's choice" because retransmitting the stations without consent could result in large copyright damages and jeopardize its statutory

---

[4] DISH contends in its preliminary injunction motion that Defendants have the ability shut off two of the 13 stations because Defendants deliver them to DISH by fiber-optic cable. R. 95 at 23; R. 96-16 (Boddie Dec. ¶ 34). Defendants state in their response that this is incorrect, and that they have no ability to prevent DISH from retransmitting any of the Cox stations. R. 109 at 22-23 (citing Brady Dec. ¶ 49). DISH does not appear to contest this in its reply.

license to retransmit local broadcast stations. But the Cox Retransmission Agreement grants DISH consent to retransmit the stations through 2022. 109-2 § 3(a). DISH thus only faces potential copyright liability if it is wrong that the Agreement remains in effect.[5] For purposes of a preliminary injunction, DISH cannot credibly claim both that it has a likelihood of success on the merits (i.e., that the Cox Retransmission Agreement is valid and enforceable) and that copyright damages constitute a "likely" source of irreparable harm. *See Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1044 (7th Cir. 2017) ("The moving party must demonstrate that he will *likely* suffer irreparable harm absent obtaining preliminary injunctive relief.") (emphasis added).

Putting that aside, DISH also ignores that it can avoid a blackout by negotiating with Terrier and paying presumably higher retransmission rates during the pendency of this litigation. Simply put, DISH is effectively choosing to black out the stations rather than incurring the extra costs that would be required to reach a new agreement. And when assessing irreparable harm, "self-inflicted wounds are not irreparable injury. Only the injury inflicted by one's adversary counts[.]" *Second City Music, Inc. v. City of Chicago*, 333 F.3d 846, 850 (7th Cir. 2003). To be sure, "the question of whether an injury is readily avoidable and truly self-inflicted if not avoided—and thus not irreparable harm—depends on the particular circumstances of the case." *Stuller, Inc. v. Steak N Shake Enterprises, Inc.*, 695 F.3d 676, 679 (7th

---

[5] Nor has DISH identified a single instance in which the FCC stripped a party of its statutory license in similar circumstances.

Cir. 2012). But the well-capitalized DISH does not contend that paying higher rates (either by incurring them itself or passing them to its customers) jeopardizes its corporate viability. *See id.* (threatening termination of a restaurant's franchise agreement if it did not adopt a policy that would make it impossible for the restaurant to operate is not a true choice). Nor has DISH introduced evidence that Defendants' demands are extortionate. If DISH believes the rates Defendants are seeking are too high, it can refuse to strike a deal and opt for a blackout.[6] That is no different than the choice DISH makes numerous times each year in standard retransmission agreement negotiations with broadcasters. *See* R. 108-3 (Brady Dec. ¶ 53) (listing the stations DISH has blacked out); R. 108-32 (series of articles discussing recent DISH retransmission fee disputes).

Even if a blackout was DISH's only alternative – i.e., it does not have a true choice in the matter – it has not shown it will suffer irreparable harm. DISH argues that a blackout will cause "many subscribers" to permanently switch to a new provider. R. 95 at 21. To support its claim, DISH cites a 2011 FCC order that discusses the effect of blackouts on DISH's subscribers in various designated market areas ("DMAs") from December 1, 2008 to December 1, 2009. The order states that "[d]ue to the loss of a broadcast affiliate signal, DISH lost a statistically significant [REDACTED] of its subscribers in a six month period. Even six months after the programming was restored, DISH subscriber levels in the treatment group DMAs

---

[6] Presumably, any difference between the Cox Retransmission Agreement rates and new rates the parties agreed to in the interim could later be recovered as damages.

remained below the pre-dispute levels." Applications of Comcast Corp., *Memorandum Opinion and Order*, 26 FCC Rcd. 4238, Appendix B, 4390 ¶ 34 (2011) ("[REDACTED]" appears in the original). As an initial matter, the very next sentence in the FCC's order states that "[a]s of December 2010, DISH subscriber levels were [REDACTED] what would be expected based on the trends in the control group DMAs over the same time period."). *Id.* But regardless, if anything, DISH's evidence shows that a loss in subscribers can be reasonably measured and later awarded as damages should a blackout occur. *See D.U. v. Rhoades*, 825 F.3d 331, 339 (7th Cir. 2016) ("Because money damages could make [plaintiff] whole again should she prevail in her lawsuit, she does not meet the standard for irreparable harm."). And DISH provides no other evidence of damages to its reputation or goodwill that would result due to a blackout. *See Mediacom Commc'ns Corp. v. Sinclair Broad. Grp., Inc.*, 460 F. Supp. 2d 1012, 1019 (S.D. Iowa 2006) (denying preliminary injunction and concluding that plaintiff had not shown irreparable harm to goodwill and reputation in dispute over retransmission rates because letters introduced as evidence appeared to blame the broadcaster for the loss of stations).

Moreover, that DISH itself has routinely imposed blackouts over the past five years belies that any harm would be irreparable. *See* R. 108-3 (Brady Dec. ¶ 53). DISH contends that this was done "to protect its customers from price increases." R. 113 at 15. That may be so, but ostensibly that is also why DISH is opting for station blackouts now rather than paying the Defendants' demanded higher retransmission rates. And DISH fails to explain what distinguishes this prospective blackout of 13

stations from the scores of station blackouts it has previously imposed and ably navigated.

Finally, the Court reiterates that as early as February 2019, DISH internally concluded that if Apollo acquired the Cox and Northwest stations, the "most likely" scenario was that the Cox stations would go under the Northwest Retransmission Agreement, which would shorten the Cox stations' term to December 31, 2019. R. 109-14 at 8. DISH attempted to include language in the Cox Retransmission Agreement to prevent this, but still signed the Agreement when those efforts failed. *See* R. 109-15 § 17(b)(iii). A party as sophisticated as DISH cannot now claim irreparable harm based on a scenario it explicitly contemplated prior to freely entering its Agreement with Cox more than a year ago. *See Morgan v. White*, 2020 WL 3818059, at *1 (7th Cir. July 8, 2020) ("One important question, when a plaintiff seeks emergency relief, is whether the plaintiff has brought the emergency on himself."). And to be sure, DISH has already been afforded more time that it would have otherwise had due to the parties' agreement to extend the TRO. For all these reasons, DISH has not shown it will suffer irreparable harm.

III. <u>Balance of Hardships</u>

Because DISH has failed to make the threshold showing that a preliminary injunction is warranted, the Court need not proceed to the balancing phase of the analysis. *See Girl Scouts.*, 549 F.3d at 1086; *Arjo, Inc. v. Handicare USA, Inc.*, 2018

WL 5298527, at *10 (N.D. Ill. Oct. 25, 2018), *appeal dismissed*, 2019 WL 2208392 (7th Cir. Apr. 15, 2019).[7]

## Conclusion

For the reasons stated, the Court denies DISH's motion for a preliminary injunction. R. 91. This Order supersedes the TRO, which will dissolve at 12:00 p.m. CST on July 22, 2020.

ENTERED:

*Thomas M Durkin*

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: July 20, 2020

_____

[7] In DISH's reply in support of its motion, it requests that an evidentiary hearing be held should the Court disagree that a preliminary injunction is warranted. In support, DISH cites the "sharp conflict between some of [Defendants'] testimony and the written record." R. 114 at 16. Presumably, DISH is referring to the Sobel and Brady affidavits stating that the Northwest transaction closed before the Cox transaction and the wire transfer records showing the Cox payments were completed first. But Defendants do not dispute that they had to re-release two of Northwest's payments after they sent the Cox payments, and as the Court discussed, which party received the funds first does not affect the order in which the transactions closed. Indeed, DISH's motion turns more on contract interpretation than factual disputes. Given the voluminous number of exhibits submitted by both parties, Defendants' uncontradicted affidavits stating that the transactions closed as planned and as described in both its internal communications and to the FCC, and the otherwise general lack of material factual disputes, the Court does not believe that a hearing is necessary to resolve DISH's request for a preliminary injunction.

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3**
**Eastern Division**

DISH Network L.L.C.

                        Plaintiff,

v.                                          Case No.: 1:20−cv−00570
                                          Honorable Thomas M. Durkin

Cox Media Group, LLC, et al.

                        Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Monday, July 20, 2020:

     MINUTE entry before the Honorable Thomas M. Durkin: Telephone conference held on 7/20/2020. For the reasons stated, the Court denies DISH's motion for a preliminary injunction. R. [91]. DISH's motion to stay pending appeal, R. [126], is also denied with a written order to follow. Denying DISH's motion to stay does not supersede the Court's order that the TRO will dissolve at 12:00 p.m. CST on July 22,2020. The 7/23/2020 telephone conference is vacated and reset to 8/5/2020 at 09:00 AM. The parties are to call 877−402−9757, access code 4410831. The filing of a responsive pleading is stayed pending the next status. Mailed notice(srn, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DISH NETWORK L.L.C.,

        Plaintiff,

      v.

COX MEDIA GROUP, LLC et al.,

        Defendants.

No. 20 C 570

Judge Thomas M. Durkin

## ORDER

The Court has reviewed the May 4, 2020 status report, R. 88, and enters the following order:

### I.   Scheduling Order

1. Plaintiff will file its Motion for a Preliminary Injunction forthwith. Plaintiff shall file its supporting materials and Defendants shall file their opposition materials on the schedule set forth below.
2. The parties shall file a proposed protective order governing the treatment of confidential information on or before May 12, 2020. The parties will treat all materials produced prior to May 12, 2020 as governed by the terms of the protective order, when entered.
3. The parties shall conduct a modified Fed. R. Civ. Pro. 26(f) conference by May 8, 2020 to resolve any outstanding disputes about which documents must be produced as part of expedited discovery.
4. The parties shall undertake a reasonable search and review for documents addressed in the Court's April 29, 2020 minute entry, and shall produce responsive, non-privileged documents on a rolling basis, with production completed by May 15, 2020.
5. Plaintiff shall file its memorandum of law in support of its motion for a preliminary injunction on or before June 1, 2020 and shall be limited to 20 pages.
6. Defendants' responsive memorandum of law shall be filed on or before June 22, 2020, and shall be limited to 20 pages.
7. Plaintiff's reply in support of its motion for a preliminary injunction shall be filed on or before June 26, 2020, and shall be limited to 15 pages.[1]

---

[1] This briefing schedule provides the parties an additional day from what was outlined in the Court's April 29, 2020 minute entry. *See* R. 83.

1

8. Defendants' response to the first amended complaint will be due 14 days after the ruling on the preliminary injunction, in accordance with the Court's February 7, 2020 minute entry.

Given the expedited nature of preliminary injunction discovery, the Court declines to include DISH's proposed language that production be consistent with the procedural requirements detailed in Federal Rules of Civil Procedure 26 and 34. However, document production should comply with all substantive federal discovery law. If a party believes that a specific procedural requirement of Rule 26 or Rule 34 should be included in the Scheduling Order, it should bring it to the Court's attention, but only if the parties cannot reach an agreement at the modified Rule 26(f) conference.

## II.   Document Production

The Court has reviewed Defendants' proposed scope of document production and finds it sufficient with the following revisions. Defendants shall produce the following:

i.    The closing binder, which includes approximately 250 documents from the closings of the transactions on December 17, 2019;
ii.   Documents sufficient to show the exchange of signature pages in escrow prior to the closings;
iii.  Documents sufficient to show the sequencing of the transactions;
iv.   Documents sufficient to show the planned flow of funds for the transactions;
v.    Documents sufficient to show the actual flow of funds for the transactions;
vi.   Documents sufficient to show the existence and role of NBI Holdings, LLC prior to the transactions at issue; and
vii.  Responsive, non-privileged letters, emails, text messages, or other electronic messages, (i) to/from/cc/bcc Aaron Sobel, Houston McCurry, and Nathan Boyarsky (the three Apollo-affiliated individuals identified after reasonable inquiry as most likely to have responsive materials), (ii) sent or received on December 1, 2019 to December 31, 2019, and (iii) that hit on the following search terms: cox OR camelot OR northwest OR terrier OR close OR closed OR closing* OR wire* OR flow* OR releas* OR sequenc* OR "fed ref*" OR "federal reference".

"Sufficient to show" means all documents related to the above outlined topics (not just those dated December 16, 2020 or December 17, 2020) unless privileged or unduly burdensome to produce. If Defendants attach significant additional documents to their responsive memorandum, the Court will disregard them, or if good reason exists for why they were not produced, may permit Plaintiff additional time to file its reply. As detailed in the Scheduling Order, parties should resolve any outstanding disputes about which documents must be produced at the Rule 26(f)

conference. Given the current health crisis, the Court has limited ability to conduct in-court or telephonic hearings. The Court thus admonishes the parties to act professionally and not quibble over minor disagreements that do not advance the merits of this case.

ENTERED:

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: May 6, 2020

APPEAL,COX,MIDP,PROTO

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6.3.3 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:20-cv-00570
## Internal Use Only

DISH Network L.L.C. v. Cox Media Group, LLC et al          Date Filed: 01/24/2020
Assigned to: Honorable Thomas M. Durkin                    Jury Demand: None
related Case: 1:20-cv-00583                                Nature of Suit: 190 Contract: Other
Case in other court: Circuit Court of Cook County, Illinois, Jurisdiction: Federal Question
        20-CH-00528
Cause: 28:1441 Petition For Removal--Other Contract

**Plaintiff**

**DISH Network L.L.C.**          represented by    **Michael R. Dockterman**
                                                  Steptoe & Johnson LLP
                                                  227 West Monroe St.
                                                  Suite 4700
                                                  Chicago, IL 60606
                                                  (312) 577-1243
                                                  Email: mdockterman@steptoe.com
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Jared Robert Butcher**
                                                  Steptoe & Johnson LLP
                                                  1330 Connecticut Ave NW
                                                  Washington, DC 20036
                                                  (202) 429-3000
                                                  Email: jbutcher@steptoe.com
                                                  *PRO HAC VICE*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Pantelis Michalopoulos**
                                                  Steptoe & Johnson LLP
                                                  1330 Connecticut Ave NW
                                                  Washington, DC 20036
                                                  (202) 429-3000
                                                  Email: PMichalopoulos@steptoe.com
                                                  *PRO HAC VICE*
                                                  *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Cox Media Group, LLC**      represented by   **Joshua Douglas Lee**
Riley Safer Holmes & Cancila LLP
70 W. Madison St., Suite 2900
Chicago, IL 60602
(312) 471-8700
Email: jlee@rshc-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patricia Brown Holmes**
Riley Safer Holmes & Cancila LLP
70 West Madison St
Suite 2900
Chicago, IL 60602
(312) 471-8745
Email: pholmes@rshc-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Allison N. Siebeneck**
Riley Safer Holmes & Cancila LLP
Three First National Plaza
70 W. Madison Street
Suite 2900
Chicago, IL 60602
(312) 471-8700
Email: asiebeneck@rshc-law.com
*ATTORNEY TO BE NOTICED*

**Andrew Flynn Rodheim**
Sidley Austin Llp
1 South Dearborn St.
Chicago, IL 60603
(312) 853-7000
Email: arodheim@sidley.com
*ATTORNEY TO BE NOTICED*

**Brian Joseph Nisbet**
Winston & Strawn Llp
35 W. Wacker Drive
Chicago, IL 60601
(312) 558-3254
Email: bnisbet@winston.com
*TERMINATED: 02/11/2020*

**Brian O'Connor Watson**
Riley Safer Holmes & Cancila LLP
Three First National Plaza
70 W Madison St Suite 2900

Chicago, IL 60602
Email: bwatson@rshc-law.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**NBI Holdings, LLC**          represented by   **Hille von Rosenvinge Sheppard**
Sidley Austin LLP (Chicago)
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000
Email: hsheppard@sidley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Flynn Rodheim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bruce Roger Braun**
Sidley Austin LLP
One S. Dearborn Street
Chicago, IL 60603
312 853 7000
Email: bbraun@sidley.com
*ATTORNEY TO BE NOTICED*

**John M Skakun , III**
Sidley Austin Llp
1 S. Dearborn
Chicago, IL 60603
(312) 853-4148
Email: jskakun@sidley.com
*ATTORNEY TO BE NOTICED*

**Neil Harris Conrad**
Sidley Austin Llp
1 S Dearborn St
Chicago, IL 60603
(312) 853-7579
Email: nconrad@sidley.com
*ATTORNEY TO BE NOTICED*

**Scott R. Lassar**
Sidley Austin LLP (Chicago)
One South Dearborn Street
Chicago, IL 60603
(312) 853-7668
Email: slassar@sidley.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bryson Broadcast Holdings, LLC**    represented by  **Hille von Rosenvinge Sheppard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Flynn Rodheim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bruce Roger Braun**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John M Skakun , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Neil Harris Conrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott R. Lassar**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Northwest Broadcasting, LP**    represented by  **Hille von Rosenvinge Sheppard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Flynn Rodheim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bruce Roger Braun**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John M Skakun , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Neil Harris Conrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott R. Lassar**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Northwest Broadcasting, Inc.**          represented by     **Hille von Rosenvinge Sheppard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Flynn Rodheim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bruce Roger Braun**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John M Skakun , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Neil Harris Conrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott R. Lassar**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Camelot Media Buyer, Inc.**          represented by     **Hille von Rosenvinge Sheppard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Flynn Rodheim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bruce Roger Braun**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John M Skakun , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Neil Harris Conrad**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Scott R. Lassar**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Camelot Media Holdings, LLC**    represented by  **Hille von Rosenvinge Sheppard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Flynn Rodheim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bruce Roger Braun**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John M Skakun , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Neil Harris Conrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott R. Lassar**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Apollo Global Management, LLC**    represented by  **Hille von Rosenvinge Sheppard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Flynn Rodheim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bruce Roger Braun**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John M Skakun , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Neil Harris Conrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott R. Lassar**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Apollo Investment Fund IX, LP**    represented by  **Hille von Rosenvinge Sheppard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Flynn Rodheim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bruce Roger Braun**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John M Skakun , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Neil Harris Conrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott R. Lassar**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Terrier Media Buyer, Inc.**    represented by  **Hille von Rosenvinge Sheppard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Flynn Rodheim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bruce Roger Braun**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John M Skakun , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Neil Harris Conrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott R. Lassar**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**AP IX TITAN HOLDINGS GP, LLC**     represented by **Neil Harris Conrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**AP IX (PMC) VoteCo, LLC**     represented by **Neil Harris Conrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Select all / clear | Docket Text |
|---|---|---|---|
| 01/24/2020 | 1 | ☐ 3.71MB | NOTICE of Removal from Circuit Court of Cook County, Illinois, case number (20-CH-00528) filed by Apollo Global Management, LLC, Apollo Investment Fund IX, LP, Bryson Broadcast Holdings, LLC, Camelot Media Buyer, Inc., Camelot Media Holdings, LLC, NBI Holdings, LLC, Northwest Broadcasting, Inc., Northwest Broadcasting, LP, Terrier Media Buyer, Inc. d/b/a Cox Media Group Filing fee $ 400, receipt number 0752-16653478. (Lassar, Scott) (Entered: 01/24/2020) |
| 01/24/2020 | 2 | ☐ 148.28KB | CIVIL Cover Sheet (Lassar, Scott) (Entered: 01/24/2020) |
| 01/24/2020 | 3 | ☐ 95.93KB | ATTORNEY Appearance for Defendants Apollo Global Management, LLC, Apollo Investment Fund IX, LP, Bryson Broadcast Holdings, LLC, Camelot Media Buyer, Inc., Camelot Media Holdings, LLC, NBI Holdings, LLC, Northwest Broadcasting, Inc., Northwest Broadcasting, LP, Terrier Media Buyer, Inc. d/b/a Cox Media Group by Scott R. Lassar (Lassar, Scott) (Entered: 01/24/2020) |
| 01/24/2020 | 4 | ☐ 95.87KB | ATTORNEY Appearance for Defendants Apollo Global Management, LLC, Apollo Investment Fund IX, LP, Bryson Broadcast Holdings, LLC, Camelot Media Buyer, Inc., Camelot Media Holdings, LLC, NBI Holdings, LLC, |

| | | | |
|---|---|---|---|
| | | | Northwest Broadcasting, Inc., Northwest Broadcasting, LP, Terrier Media Buyer, Inc. d/b/a Cox Media Group by Hille von Rosenvinge Sheppard (Sheppard, Hille) (Entered: 01/24/2020) |
| 01/24/2020 | | | CASE ASSIGNED to the Honorable Steven C. Seeger. Designated as Magistrate Judge the Honorable Susan E. Cox. Case assignment: Random assignment. (dxb, ) (Entered: 01/24/2020) |
| 01/24/2020 | 5 | ☐ 53.17KB | ATTORNEY Appearance for Defendants Apollo Global Management, LLC, Apollo Investment Fund IX, LP, Bryson Broadcast Holdings, LLC, Camelot Media Buyer, Inc., Camelot Media Holdings, LLC, NBI Holdings, LLC, Northwest Broadcasting, Inc., Northwest Broadcasting, LP, Terrier Media Buyer, Inc. d/b/a Cox Media Group by Bruce Roger Braun (Braun, Bruce) (Entered: 01/24/2020) |
| 01/24/2020 | 6 | ☐ 96.06KB | ATTORNEY Appearance for Defendants Apollo Global Management, LLC, Apollo Investment Fund IX, LP, Bryson Broadcast Holdings, LLC, Camelot Media Buyer, Inc., Camelot Media Holdings, LLC, NBI Holdings, LLC, Northwest Broadcasting, Inc., Northwest Broadcasting, LP, Terrier Media Buyer, Inc. d/b/a Cox Media Group by John M Skakun, III (Skakun, John) (Entered: 01/24/2020) |
| 01/24/2020 | 7 | | SEALED DOCUMENT by Defendants Apollo Global Management, LLC, Apollo Investment Fund IX, LP, Bryson Broadcast Holdings, LLC, Camelot Media Buyer, Inc., Camelot Media Holdings, LLC, NBI Holdings, LLC, Northwest Broadcasting, Inc., Northwest Broadcasting, LP, Terrier Media Buyer, Inc. d/b/a Cox Media Group *"SEALED APPENDIX" 1* (Lassar, Scott) (Entered: 01/24/2020) |
| 01/24/2020 | 8 | ☐ 27.87KB | MOTION by Defendants Apollo Global Management, LLC, Apollo Investment Fund IX, LP, Bryson Broadcast Holdings, LLC, Camelot Media Buyer, Inc., Camelot Media Holdings, LLC, NBI Holdings, LLC, Northwest Broadcasting, Inc., Northwest Broadcasting, LP, Terrier Media Buyer, Inc. d/b/a Cox Media Group to seal (Lassar, Scott) (Entered: 01/24/2020) |
| 01/24/2020 | 9 | ☐ 17.42KB | NOTICE of Motion by Scott R. Lassar for presentment of motion to seal, 8 before Honorable Steven C. Seeger on 2/4/2020 at 09:00 AM. (Lassar, Scott) (Entered: 01/24/2020) |
| 01/27/2020 | 10 | ☐ 21.92KB | MAILED Notice of Removal letter to counsel of record. (bg, ) (Entered: 01/27/2020) |
| 01/27/2020 | 11 | ☐ 5.44KB | NOTICE TO THE PARTIES - The Court is participating in the Mandatory Initial Discovery Pilot (MIDP). The key features and deadlines are set forth in this Notice which |

| | | | includes a link to the (MIDP) Standing Order and a Checklist for use by the parties. In cases subject to the pilot, all parties must respond to the mandatory initial discovery requests set forth in the Standing Order before initiating any further discovery in this case. Please note: The discovery obligations in the Standing Order supersede the disclosures required by Rule 26(a)(1). Any party seeking affirmative relief must serve a copy of the following documents (Notice of Mandatory Initial Discovery and the Standing Order) on each new party when the Complaint, Counterclaim, Crossclaim, or Third-Party Complaint is served. (bg, ) (Entered: 01/27/2020) |
|---|---|---|---|
| 01/27/2020 | 12 | ☐ 262.15KB | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Terrier Media Buyer, Inc. re notice of removal, 1 (Skakun, John) (Entered: 01/27/2020) |
| 01/27/2020 | 13 | ☐ 40.81KB | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Apollo Global Management, LLC re notice of removal, 1 (Skakun, John) (Entered: 01/27/2020) |
| 01/27/2020 | 14 | ☐ 40.60KB | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Apollo Investment Fund IX, LP re notice of removal, 1 (Skakun, John) (Entered: 01/27/2020) |
| 01/27/2020 | 15 | ☐ 40.53KB | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Bryson Broadcast Holdings, LLC re notice of removal, 1 (Skakun, John) (Entered: 01/27/2020) |
| 01/27/2020 | 16 | ☐ 40.69KB | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Camelot Media Buyer, Inc. re notice of removal, 1 (Skakun, John) (Entered: 01/27/2020) |
| 01/27/2020 | 17 | ☐ 40.65KB | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Camelot Media Holdings, LLC re notice of removal, 1 (Skakun, John) (Entered: 01/27/2020) |
| 01/27/2020 | 18 | ☐ 40.66KB | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by NBI Holdings, LLC re notice of removal, 1 (Skakun, John) (Entered: 01/27/2020) |
| 01/27/2020 | 19 | ☐ 40.58KB | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Northwest Broadcasting, Inc. re notice of removal, 1 (Skakun, John) (Entered: 01/27/2020) |
| 01/27/2020 | 20 | ☐ 263.04KB | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Northwest Broadcasting, LP re notice of removal, 1 (Skakun, John) (Entered: 01/27/2020) |
| 01/27/2020 | 21 | ☐ 76.46KB | EXECUTIVE COMMITTEE ORDER: Case reassigned to the Honorable Thomas M. Durkin for all further proceedings. Honorable Steven C. Seeger no longer assigned to the case. Signed by Executive Committee on 1/27/20.(gcy, ) (Entered: 01/28/2020) |

| 01/29/2020 | 22 ☐ 4.25KB | MINUTE entry before the Honorable Thomas M. Durkin:Defendants' motion for leave to file documents under seal 8 is granted.Mailed notice (srn, ) (Entered: 01/29/2020) |
|---|---|---|
| 01/31/2020 | 23 ☐ 105.52KB | ATTORNEY Appearance for Plaintiff DISH Network L.L.C. by Michael R. Dockterman (Dockterman, Michael) (Entered: 01/31/2020) |
| 01/31/2020 | 24 ☐ 107.33KB | MOTION by Plaintiff DISH Network L.L.C. to remand (Dockterman, Michael) (Entered: 01/31/2020) |
| 01/31/2020 | 25 ☐ 44.65MB | MEMORANDUM by DISH Network L.L.C. in support of motion to remand 24 (Attachments: # 1 Appendix, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9) (Dockterman, Michael) (Entered: 01/31/2020) |
| 01/31/2020 | 26 ☐ 127.92KB | NOTICE of Motion by Michael R. Dockterman for presentment of motion to remand 24 before Honorable Thomas M. Durkin on 2/5/2020 at 09:00 AM. (Dockterman, Michael) (Entered: 01/31/2020) |
| 02/03/2020 | 27 ☐ 124.49KB | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-16682018. (Michalopoulos, Pantelis) (Entered: 02/03/2020) |
| 02/03/2020 | 28 ☐ 154.65KB | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-16682271. (Butcher, Jared) (Entered: 02/03/2020) |
| 02/03/2020 | 29 ☐ 4.28KB | MINUTE entry before the Honorable Thomas M. Durkin:Motion to appear pro hac vice 28 is granted; Attorney Jared Robert Butcher for DISH Network L.L.C. added. Mailed notice (srn, ) (Entered: 02/03/2020) |
| 02/03/2020 | 30 ☐ 4.27KB | MINUTE entry before the Honorable Thomas M. Durkin:Motion to appear pro hac vice 27 is granted; Attorney Pantelis Michalopoulos for DISH Network L.L.C. added. Mailed notice (srn, ) (Entered: 02/03/2020) |
| 02/05/2020 | 31 ☐ 4.31KB | MINUTE entry before the Honorable Thomas M. Durkin:Motion hearing held on 2/5/2020. Defendants' response to plaintiff's motion to remand 24 is due by 2/10/2020. Plaintiff's reply is due by 2/17/2020. Status hearing set for 2/19/2020 at 12:00 PM.Mailed notice (srn, ) (Entered: 02/05/2020) |
| 02/05/2020 | 🔓 32 ☐ 47.29KB | TRANSCRIPT OF PROCEEDINGS held on 2/5/20 before the Honorable Thomas M. Durkin. Motion hearing. Order Numbers: 37756, 37758. Court Reporter Contact Information: Laura Renke, OfficialTranscript@gmail.com, 312.435.6053. |

| | | | |
|---|---|---|---|
| | | | IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the court's redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 2/26/2020. Redacted Transcript Deadline set for 3/9/2020. Release of Transcript Restriction set for 5/5/2020. (Renke, Laura) (Entered: 02/05/2020) |
| 02/05/2020 | 33 | ☐ 43.29KB | MOTION by Defendants Apollo Global Management, LLC, Apollo Investment Fund IX, LP, Bryson Broadcast Holdings, LLC, Camelot Media Buyer, Inc., Camelot Media Holdings, LLC, NBI Holdings, LLC, Northwest Broadcasting, Inc., Northwest Broadcasting, LP, Terrier Media Buyer, Inc.enlarge page limit (Sheppard, Hille) (Entered: 02/05/2020) |
| 02/05/2020 | 34 | ☐ 15.64KB | NOTICE of Motion by Hille von Rosenvinge Sheppard for presentment of motion for miscellaneous relief, 33 before Honorable Thomas M. Durkin on 2/11/2020 at 09:00 AM. (Sheppard, Hille) (Entered: 02/05/2020) |
| 02/05/2020 | 35 | ☐ 29.81KB | ATTORNEY Appearance for Defendant Cox Media Group, LLC by Brian Joseph Nisbet (Nisbet, Brian) (Entered: 02/05/2020) |
| 02/06/2020 | 36 | ☐ 4.27KB | MINUTE entry before the Honorable Thomas M. Durkin:Defendants' motion to enlarge page limit 33 is granted. No appearance is required on 2/11/2020. Mailed notice (srn, ) (Entered: 02/06/2020) |
| 02/06/2020 | 37 | ☐ 46.36KB | MOTION by Defendants Apollo Global Management, LLC, Apollo Investment Fund IX, LP, Bryson Broadcast Holdings, LLC, Camelot Media Buyer, Inc., Camelot Media Holdings, LLC, NBI Holdings, LLC, Northwest Broadcasting, Inc., Northwest Broadcasting, LP, Terrier Media Buyer, Inc.For Entry Of A Joint Stipulation Regarding Deadline For Defendants To Answer Or Otherwise Plead (Skakun, John) (Entered: 02/06/2020) |
| 02/06/2020 | 38 | ☐ 15.81KB | NOTICE of Motion by John M Skakun, III for presentment of motion for miscellaneous relief, 37 before Honorable Thomas M. Durkin on 2/11/2020 at 09:00 AM. (Skakun, John) (Entered: 02/06/2020) |
| 02/07/2020 | 39 | ☐ 4.34KB | MINUTE entry before the Honorable Thomas M. Durkin:Defendants' agreed motion for an extension of time to answer or otherwise plead 37 is granted. Defendants' |

| | | | responsive pleading will be due 14 days after a ruling on the preliminary injunction. No appearance is required on 2/11/2020. Mailed notice (srn, ) (Entered: 02/07/2020) |
|---|---|---|---|
| 02/07/2020 | 40 | ☐ 316.99KB | ATTORNEY Appearance for Defendant Cox Media Group, LLC by Patricia Brown Holmes (Holmes, Patricia) (Entered: 02/07/2020) |
| 02/07/2020 | 41 | ☐ 318.63KB | ATTORNEY Appearance for Defendant Cox Media Group, LLC by Brian O'Connor Watson (Watson, Brian) (Entered: 02/07/2020) |
| 02/07/2020 | 42 | ☐ 316.60KB | ATTORNEY Appearance for Defendant Cox Media Group, LLC by Allison N. Siebeneck (Siebeneck, Allison) (Entered: 02/07/2020) |
| 02/07/2020 | 43 | ☐ 311.08KB | ATTORNEY Appearance for Defendant Cox Media Group, LLC by Joshua Douglas Lee (Lee, Joshua) (Entered: 02/07/2020) |
| 02/10/2020 | 44 | ☐ 119.58KB | NOTICE by Cox Media Group, LLC *of Consent to Removal* (Holmes, Patricia) (Entered: 02/10/2020) |
| 02/10/2020 | 45 | ☐ 89.97KB | MOTION by Attorney Brian J. Nisbet to withdraw as attorney for Cox Media Group, LLC. No party information provided (Nisbet, Brian) (Entered: 02/10/2020) |
| 02/10/2020 | 46 | ☐ 117.33KB | NOTICE of Motion by Brian Joseph Nisbet for presentment of motion to withdraw as attorney 45 before Honorable Thomas M. Durkin on 2/18/2020 at 09:00 AM. (Nisbet, Brian) (Entered: 02/10/2020) |
| 02/10/2020 | 47 | ☐ 21.04MB | RESPONSE by Apollo Global Management, LLC, Apollo Investment Fund IX, LP, Bryson Broadcast Holdings, LLC, Camelot Media Buyer, Inc., Camelot Media Holdings, LLC, NBI Holdings, LLC, Northwest Broadcasting, Inc., Northwest Broadcasting, LP, Terrier Media Buyer, Inc.in Opposition to MOTION by Plaintiff DISH Network L.L.C. to remand 24 (Attachments: # 1 Index of Exhibits, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q) (Sheppard, Hille) (Entered: 02/10/2020) |
| 02/11/2020 | 48 | ☐ 4.34KB | MINUTE entry before the Honorable Thomas M. Durkin:Motion to withdraw as attorney 45 is granted; Attorney Brian Joseph Nisbet terminated. Attorney Patricia Holmes is granted leave to file an appearance on behalf of defendant Cox Media Group, LLC. No appearance is required on 2/18/2020. Mailed notice (srn, ) (Entered: 02/11/2020) |
| 02/14/2020 | 49 | ☐ 341.61KB | |

| | | | MOTION by Plaintiff DISH Network L.L.C. for leave to file excess pages (Dockterman, Michael) (Entered: 02/14/2020) |
|---|---|---|---|
| 02/14/2020 | 50 | ☐ 267.29KB | NOTICE of Motion by Michael R. Dockterman for presentment of motion for leave to file excess pages 49 before Honorable Thomas M. Durkin on 2/19/2020 at 09:00 AM. (Dockterman, Michael) (Entered: 02/14/2020) |
| 02/17/2020 | 51 | ☐ 3.78MB | REPLY by DISH Network L.L.C. to response in opposition to motion,, 47 , MOTION by Plaintiff DISH Network L.L.C. to remand 24 (Attachments: # 1 Appendix, # 2 Exhibit Exhibit 10, # 3 Exhibit Exhibit 11, # 4 Exhibit Exhibit 12, # 5 Exhibit Exhibit 13, # 6 Exhibit Exhibit 14, # 7 Exhibit Exhibit 15) (Dockterman, Michael) (Entered: 02/17/2020) |
| 02/17/2020 | 52 | ☐ 0.77MB | MOTION by Plaintiff DISH Network L.L.C. for leave to file *Amended Complaint* (Attachments: # 1 Appendix, # 2 Exhibit Exhibit 1, # 3 Exhibit Exhibit 2)(Dockterman, Michael) (Entered: 02/17/2020) |
| 02/17/2020 | 53 | ☐ 117.97KB | NOTICE of Motion by Michael R. Dockterman for presentment of motion for leave to file 52 before Honorable Thomas M. Durkin on 2/19/2020 at 12:00 PM. (Dockterman, Michael) (Entered: 02/17/2020) |
| 02/18/2020 | 54 | ☐ 41.53KB | MOTION by Defendants Apollo Global Management, LLC, Apollo Investment Fund IX, LP, Bryson Broadcast Holdings, LLC, Camelot Media Buyer, Inc., Camelot Media Holdings, LLC, NBI Holdings, LLC, Northwest Broadcasting, Inc., Northwest Broadcasting, LP, Terrier Media Buyer, Inc. for leave to file *Defendants' Surreply In Opposition to Plaintiff's Motion to Remand* (Attachments: # 1 Exhibit 1 (Defendants' Surreply In Opposition to Plaintiff's Motion to Remand)) (Sheppard, Hille) (Entered: 02/18/2020) |
| 02/18/2020 | 55 | ☐ 14.83KB | *Notice of Defendants' Motion for Leave to File Surreply In Opposition to Plaintiff's Motion to Remand* NOTICE of Motion by Hille von Rosenvinge Sheppard for presentment of motion for leave to file,, 54 before Honorable Thomas M. Durkin on 2/19/2020 at 12:00 PM. (Sheppard, Hille) (Entered: 02/18/2020) |
| 02/19/2020 | 56 | ☐ 25.96KB | ATTORNEY Appearance for Defendants Apollo Global Management, LLC, Apollo Investment Fund IX, LP, Bryson Broadcast Holdings, LLC, Camelot Media Buyer, Inc., Camelot Media Holdings, LLC, Cox Media Group, LLC, NBI Holdings, LLC, Northwest Broadcasting, Inc., Northwest Broadcasting, LP, Terrier Media Buyer, Inc. by Andrew Flynn Rodheim (Rodheim, Andrew) (Entered: 02/19/2020) |
| 02/19/2020 | 57 | ☐ 115.08KB | |

| | | | |
|---|---|---|---|
| | | ☐ | ORDER: Plaintiff's motion to remand 24 is denied. Signed by the Honorable Thomas M. Durkin on 2/19/2020:Mailed notice (srn, ) (Entered: 02/19/2020) |
| 02/19/2020 | 58 | ☐ 71.24KB | ATTORNEY Appearance for Defendants Apollo Global Management, LLC, Apollo Investment Fund IX, LP, Bryson Broadcast Holdings, LLC, Camelot Media Buyer, Inc., Camelot Media Holdings, LLC, NBI Holdings, LLC, Northwest Broadcasting, Inc., Northwest Broadcasting, LP, Terrier Media Buyer, Inc. by Andrew Flynn Rodheim *(Corrected Appearance Form)* (Rodheim, Andrew) (Entered: 02/19/2020) |
| 02/19/2020 | 59 | ☐ 4.53KB | MINUTE entry before the Honorable Thomas M. Durkin: Plaintiff's oral motion for reconsideration is entered and continued. Plaintiff's motion for leave to file excess pages 49 is denied as moot. Plaintiff's motion for leave to file an amended complaint 52 is entered and continued. Defendants' motion for leave to file a sur-reply 54 is denied as moot. Status hearing held on 2/19/2020. The Temporary Restraining Order is extended indefinitely pending the resolution of whether the Court has subject matter jurisdiction to hear this case. Plaintiff and all Defendants agreed to the extension on the record other than Defendant Cox Media Group, which took no position. Status hearing set for 2/24/2020 at 09:00 AM.Mailed notice (srn, ) (Entered: 02/19/2020) |
| 02/20/2020 | 🔓 60 | ☐ 46.12KB | TRANSCRIPT OF PROCEEDINGS held on 2/19/20 before the Honorable Thomas M. Durkin. Status/motion hearing. Order Numbers: 37931, 37933. Court Reporter Contact Information: Laura Renke, OfficialTranscript@gmail.com, 312.435.6053.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 3/12/2020. Redacted Transcript Deadline set for 3/23/2020. Release of Transcript Restriction set for 5/20/2020. (Renke, Laura) (Entered: 02/20/2020) |
| 02/21/2020 | 61 | ☐ 269.77KB | Letter to Hon. Thomas M. Durkin by DISH Network L.L.C. (Attachments: # 1 Exhibit Transcript of Proceedings (Feb. 19, 2020))(Dockterman, Michael) (Entered: 02/21/2020) |
| | | ☐ | |

| 02/24/2020 | 62 | ☐ 4.36KB | MINUTE entry before the Honorable Thomas M. Durkin:Plaintiff's oral motion for reconsideration is denied for the reasons stated. Defendants' response to plaintiff's motion for leave to file an amended complaint 52 is due by 3/4/2020. Plaintiff's reply is due by 3/11/2020. Motion hearing held on 2/24/2020. Status hearing set for 3/13/2020 at 09:00 AM.Mailed notice (srn, ) (Entered: 02/24/2020) |
| 02/25/2020 | 🔓 63 | ☐ 42.78KB | TRANSCRIPT OF PROCEEDINGS held on 2/24/20 before the Honorable Thomas M. Durkin. Status hearing. Order Number: 37989. Court Reporter Contact Information: Laura Renke, OfficialTranscript@gmail.com, 312.435.6053.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 3/17/2020. Redacted Transcript Deadline set for 3/27/2020. Release of Transcript Restriction set for 5/26/2020. (Renke, Laura) (Entered: 02/25/2020) |
| 02/27/2020 | 64 | ☐ 44.46KB | MOTION by Defendants Apollo Global Management, LLC, Apollo Investment Fund IX, LP, Bryson Broadcast Holdings, LLC, Camelot Media Buyer, Inc., Camelot Media Holdings, LLC, NBI Holdings, LLC, Northwest Broadcasting, Inc., Northwest Broadcasting, LP, Terrier Media Buyer, Inc. for leave to file excess pages (Sheppard, Hille) (Entered: 02/27/2020) |
| 02/27/2020 | 65 | ☐ 15.61KB | NOTICE of Motion by Hille von Rosenvinge Sheppard for presentment of motion for leave to file excess pages, 64 before Honorable Thomas M. Durkin on 3/3/2020 at 09:00 AM. (Sheppard, Hille) (Entered: 02/27/2020) |
| 02/28/2020 | 66 | ☐ 4.27KB | MINUTE entry before the Honorable Thomas M. Durkin:Defendants' motion for leave to file excess pages 64 is granted. No appearance is required on 3/3/2020. Mailed notice (srn, ) (Entered: 02/28/2020) |
| 02/28/2020 | 67 | ☐ 12.85KB | STATUS Report *Regarding the Citizenship of the Proposed New Defendants* by Apollo Global Management, LLC, Apollo Investment Fund IX, LP, Bryson Broadcast Holdings, LLC, Camelot Media Buyer, Inc., Camelot Media Holdings, LLC, NBI Holdings, LLC, Northwest Broadcasting, Inc., Northwest |

| | | | |
|---|---|---|---|
| | | | Broadcasting, LP, Terrier Media Buyer, Inc. (Sheppard, Hille) (Entered: 02/28/2020) |
| 03/04/2020 | 68 | ☐ 0.53MB | MEMORANDUM by Apollo Global Management, LLC, Apollo Investment Fund IX, LP, Bryson Broadcast Holdings, LLC, Camelot Media Buyer, Inc., Camelot Media Holdings, LLC, NBI Holdings, LLC, Northwest Broadcasting, Inc., Northwest Broadcasting, LP, Terrier Media Buyer, Inc. in Opposition to motion for leave to file 52 *Amended Complaint* (Attachments: # 1 Index, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Sheppard, Hille) (Entered: 03/04/2020) |
| 03/09/2020 | 69 | ☐ 115.23KB | MOTION by Plaintiff DISH Network L.L.C. for leave to file excess pages (Dockterman, Michael) (Entered: 03/09/2020) |
| 03/09/2020 | 70 | ☐ 96.88KB | NOTICE of Motion by Michael R. Dockterman for presentment of motion for leave to file excess pages 69 before Honorable Thomas M. Durkin on 3/13/2020 at 09:00 AM. (Dockterman, Michael) (Entered: 03/09/2020) |
| 03/10/2020 | 71 | ☐ 4.25KB | MINUTE entry before the Honorable Thomas M. Durkin:Plaintiff's motion for leave to file excess pages 69 is granted. Mailed notice (srn, ) (Entered: 03/10/2020) |
| 03/11/2020 | 72 | ☐ 2.35MB | REPLY by DISH Network L.L.C. to memorandum in opposition to motion, 68 , MOTION by Plaintiff DISH Network L.L.C. for leave to file *Amended Complaint* 52 (Dockterman, Michael) (Entered: 03/11/2020) |
| 03/12/2020 | 73 | ☐ 55.64KB | MOTION by Defendants Apollo Global Management, LLC, Apollo Investment Fund IX, LP, Bryson Broadcast Holdings, LLC, Camelot Media Buyer, Inc., Camelot Media Holdings, LLC, NBI Holdings, LLC, Northwest Broadcasting, Inc., Northwest Broadcasting, LP, Terrier Media Buyer, Inc. for leave to file *Surreply In Opposition to Plaintiff's Motion for Leave to Amend* (Attachments: # 1 Exhibit 1 (Defendants' Surreply In Opposition to Plaintiff's Motion for Leave to Amend))(Sheppard, Hille) (Entered: 03/12/2020) |
| 03/12/2020 | 74 | ☐ 20.91KB | NOTICE of Motion by Hille von Rosenvinge Sheppard for presentment of motion for leave to file,, 73 before Honorable Thomas M. Durkin on 3/13/2020 at 09:00 AM. (Sheppard, Hille) (Entered: 03/12/2020) |
| 03/12/2020 | 75 | ☐ 4.41KB | MINUTE entry before the Honorable Thomas M. Durkin:On the Court's own motion, the 3/13/2020 status hearing is vacated and reset for 3/17/2020 at 09:00 AM. Due to the current health concerns, counsel is encouraged, but not required, to participate telephonically by calling 877-402-9757, access code 4410831. Defendants' motion for leave to |

| | | | |
|---|---|---|---|
| | | | file a sur-reply is continued to the 3/17/2020 hearing. Mailed notice (srn, ) (Entered: 03/12/2020) |
| 03/13/2020 | 76 | ☐ 4.33KB | MINUTE entry before the Honorable Thomas M. Durkin:On the Court's own motion, the 3/17/2020 status hearing is vacated and reset for 3/19/2020 at 09:00 AM. The parties are directed to participate telephonically by calling 877-402-9757, access code 4410831. Mailed notice (srn, ) (Entered: 03/13/2020) |
| 03/16/2020 | 77 | ☐ 4.31KB | MINUTE entry before the Honorable Thomas M. Durkin:The 3/19/2020 status hearing is vacated and reset for 4/6/2020 at 09:00 AM. Counsel is directed to participate telephonically by calling 877-402-9757, access code 4410831. Mailed notice (srn, ) (Entered: 03/16/2020) |
| 03/16/2020 | 78 | ☐ 372.09KB | ORDER Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 16, 2020. All open cases are impacted by this Amended General Order. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/16/2020: Mailed notice. (ecw, ) (Entered: 03/17/2020) |
| 03/30/2020 | 79 | ☐ 49.48KB | ORDER Seconded Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 30, 2020. All open cases are impacted by this Second Amended General Order. Amended General Order 20-0012, entered on March 17, 2020, and General Order 20-0014, entered on March 20, 2020, are vacated and superseded by this Second Amended General. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/30/2020: Mailed notice. (docket3, ) (Entered: 03/31/2020) |
| 04/10/2020 | 80 | ☐ 148.09KB | MEMORANDUM Opinion and Order: For the reasons stated, DISH's motion for leave to file an amended complaint R. 52 is denied to the extent DISH seeks to join Titan Holdings, PMC Equity, and Apollo Advisors. To the extent DISH seeks to join VoteCo and Titan Holdings GP, Defendants do not object and DISH's motion is thus granted. The parties should meet and confer and submit a joint status report by April 24, 2020 to inform the Court on how they wish to proceed in the case. Defendant's motion for leave to file a sur-reply is denied as moot. 73 Signed by the Honorable Thomas M. Durkin on 4/10/2020:Mailed notice(srn, ) (Entered: 04/10/2020) |
| 04/24/2020 | 81 | ☐ 422.53KB | STATUS Report *by all Parties* by DISH Network L.L.C. (Attachments: # 1 Exhibit 1)(Butcher, Jared) (Entered: 04/24/2020) |
| 04/24/2020 | 82 | | |

|  |  | ☐ 50.21KB | ORDER Third Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on April 24, 2020. All open cases are impacted by this Third Amended General Order. Parties are must carefully review all obligations under this Order, including the requirement listed in paragraph number 5 to file a joint written status report in most civil cases. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 4/24/2020: Mailed notice. (docket8, ) (Entered: 04/27/2020) |
| 04/29/2020 | 83 | ☐ 4.69KB | MINUTE entry before the Honorable Thomas M. Durkin:The Court has reviewed the joint status report and proposed scheduling orders for the forthcoming preliminary injunction motion. R. 81 . The parties will be permitted to conduct expedited written discovery limited to documents and communications (including letters, emails, text messages, and other message platforms) related to the sequencing and closing of the transactions whereby Apollo and its affiliates acquired the Cox stations and the Northwest stations on or around December 17, 2019. No depositions will be permitted. The parties should submit a joint status report by Monday, May 4 that sets deadlines for document production and a proposed briefing schedule with Plaintiff's reply brief due no later than June 25, 2020. Plaintiff's motion and Defendants' response will be limited to 20 pages. Plaintiff's reply will be limited to 15 pages. The Court will then expeditiously schedule an evidentiary hearing as needed to decide the motion. Mailed notice (srn, ) (Entered: 04/29/2020) |
| 05/01/2020 | 84 | ☐ 471.72KB | AMENDED complaint by DISH Network L.L.C. against All Defendants (Attachments: # 1 Exhibit Exhibit 10) (Dockterman, Michael) (Entered: 05/01/2020) |
| 05/04/2020 | 85 | ☐ 9.33KB | MOTION by Defendant Terrier Media Buyer, Inc. to reassign case (Sheppard, Hille) (Entered: 05/04/2020) |
| 05/04/2020 | 86 | ☐ 0.66MB | MEMORANDUM by Terrier Media Buyer, Inc. in support of motion to reassign case 85 (Attachments: # 1 Index of Exhibits, # 2 Exhibit A, # 3 Exhibit B)(Sheppard, Hille) (Entered: 05/04/2020) |
| 05/04/2020 | 87 | ☐ 8.46KB | NOTICE of Motion by Hille von Rosenvinge Sheppard for presentment of motion to reassign case 85 before Honorable Thomas M. Durkin on 6/1/2020 at 09:00 AM. (Sheppard, Hille) (Entered: 05/04/2020) |
| 05/04/2020 | 88 | ☐ 88.70KB | STATUS Report *by all Parties* by Terrier Media Buyer, Inc. (Sheppard, Hille) (Entered: 05/04/2020) |
| 05/05/2020 | 89 | ☐ 4.35KB | MINUTE entry before the Honorable Thomas M. Durkin:Defendant's motion to reassign case as related 85 is |

| | | | |
|---|---|---|---|
| | | | granted. This Court will recommend to the Executive Committee that case 20 C 583, pending before Judge Coleman, be reassigned to this Court's calendar as related to this action. No appearance is required on 6/1/2020.Mailed notice (srn, ) (Entered: 05/05/2020) |
| 05/06/2020 | 90 | ☐ 93.92KB | ORDER: Signed by the Honorable Thomas M. Durkin on 5/6/2020:Mailed notice(srn, ) (Entered: 05/06/2020) |
| 05/07/2020 | 91 | ☐ 279.61KB | MOTION by Plaintiff DISH Network L.L.C. for preliminary injunction (Butcher, Jared) (Entered: 05/07/2020) |
| 05/11/2020 | 92 | ☐ 10.32KB | STATUS Report *Jointly Filed by DISH Network L.L.C. and the Terrier Media Defendants* by AP IX (PMC) VoteCo, LLC, AP IX TITAN HOLDINGS GP, LLC, Apollo Global Management, LLC, Bryson Broadcast Holdings, LLC, Camelot Media Buyer, Inc., Camelot Media Holdings, LLC, NBI Holdings, LLC, Northwest Broadcasting, Inc., Northwest Broadcasting, LP, Terrier Media Buyer, Inc. (Sheppard, Hille) (Entered: 05/11/2020) |
| 05/14/2020 | 93 | ☐ 65.68KB | AGREED Confidentiality Order: Signed by the Honorable Thomas M. Durkin on 5/14/2020:Mailed notice(srn, ) (Entered: 05/14/2020) |
| 05/26/2020 | 94 | ☐ 39.28KB | ORDER ORDER Fourth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on May 26, 2020. This Order does not extend or modify any deadlines set in civil cases. For non-emergency motions, no motion may be noticed for presentment on a date earlier than July 15, 2020. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 5/26/2020: Mailed notice. (docket9, ) (Entered: 05/26/2020) |
| 06/01/2020 | ⊸ 95 | | SEALED MOTION by Plaintiff DISH Network L.L.C. *Memorandum in Support of Motion for Preliminary Injunction* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 14)(Dockterman, Michael) (Entered: 06/01/2020) |
| 06/01/2020 | 96 | ☐ 5.14MB | REDACTED Memorandum by Plaintiff DISH Network L.L.C. in support of its motion for preliminary injunction (Attachments: # 1 Appendix of Exhibits, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Declaration in Support of Motion) (Dockterman, Michael) Modified on 6/2/2020 (las, ). (Entered: 06/02/2020) |
| | | | |

| 06/02/2020 | 97 165.79KB | ☐ | MOTION by Plaintiff DISH Network L.L.C. to seal *Exhibits 1-11 & 14 to DISH's Memorandum of Law in Support of its Motion for Preliminary Injunction and the portions of the Memorandum that quote from the exhibits* (Dockterman, Michael) (Entered: 06/02/2020) |
| --- | --- | --- | --- |
| 06/02/2020 | 98 162.83KB | ☐ | MOTION by Plaintiff DISH Network L.L.C. to compel (Butcher, Jared) (Entered: 06/02/2020) |
| 06/02/2020 | 🔒 | | (Court only) ***Motions terminated: MOTION by Plaintiff DISH Network L.L.C. for preliminary injunction 96 (las, ) (Entered: 06/02/2020) |
| 06/04/2020 | 99 339.10KB | ☐ | MOTION by Plaintiff DISH Network L.L.C. to set a briefing schedule *for Motion to Compel* (Butcher, Jared) (Entered: 06/04/2020) |
| 06/05/2020 | 100 4.30KB | ☐ | MINUTE entry before the Honorable Thomas M. Durkin:Motion to set a briefing schedule 99 is granted. Defendants' response to plaintiff's motion to compel 98 is due by 6/9/2020. Plaintiff's reply is due by 6/12/2020.Mailed notice (srn, ) (Entered: 06/05/2020) |
| 06/09/2020 | 101 394.61KB | ☐ | RESPONSE by Cox Media Group, LLCin Opposition to MOTION by Plaintiff DISH Network L.L.C. to compel 98 (Attachments: # 1 Exhibit 1 - Email Correspondence)(Watson, Brian) (Entered: 06/09/2020) |
| 06/09/2020 | 102 0.51MB | ☐ | RESPONSE by AP IX (PMC) VoteCo, LLC, AP IX TITAN HOLDINGS GP, LLC, Apollo Global Management, LLC, Bryson Broadcast Holdings, LLC, Camelot Media Buyer, Inc., Camelot Media Holdings, LLC, NBI Holdings, LLC, Northwest Broadcasting, Inc., Northwest Broadcasting, LP, Terrier Media Buyer, Inc.in Opposition to MOTION by Plaintiff DISH Network L.L.C. to compel 98 (Attachments: # 1 Index of Exhibits, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Sheppard, Hille) (Entered: 06/09/2020) |
| 06/12/2020 | 103 1.55MB | ☐ | REPLY by Plaintiff DISH Network L.L.C. to motion to compel 98 (Attachments: # 1 Appendix Exhibit List, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Butcher, Jared) (Entered: 06/12/2020) |
| 06/17/2020 | 104 86.79KB | ☐ | ORDER: Plaintiff's motion to compel 98 is denied. Signed by the Honorable Thomas M. Durkin on 6/17/2020:Mailed notice (srn, ) (Entered: 06/17/2020) |
| 06/22/2020 | 📌 105 162.15KB | ☐ | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Cox Media Group, LLC (Holmes, Patricia) (Entered: 06/22/2020) |
| 06/22/2020 | 106 83.08KB | ☐ | NOTICE of Motion by Patricia Brown Holmes for presentment of Motion to Dismiss for Failure to State a Claim |

| | | | |
|---|---|---|---|
| | | | 105 before Honorable Thomas M. Durkin on 6/25/2020 at 09:00 AM. (Holmes, Patricia) (Entered: 06/22/2020) |
| 06/22/2020 | 107 | ☐ 157.16KB | RESPONSE by Defendant Cox Media Group, LLC to motion for preliminary injunction 91 (Holmes, Patricia) (Entered: 06/22/2020) |
| 06/22/2020 | 108 | ☐ 45.34MB | RESPONSE by AP IX (PMC) VoteCo, LLC, AP IX TITAN HOLDINGS GP, LLC, Apollo Global Management, LLC, Bryson Broadcast Holdings, LLC, Camelot Media Buyer, Inc., Camelot Media Holdings, LLC, NBI Holdings, LLC, Northwest Broadcasting, Inc., Northwest Broadcasting, LP, Terrier Media Buyer, Inc.in Opposition to MOTION by Plaintiff DISH Network L.L.C. for preliminary injunction 91 *(Redacted Version) (Motion to Seal Pending)* (Attachments: # 1 Index of Exhibits, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit Q, # 17 Exhibit R, # 18 Exhibit S, # 19 Exhibit T, # 20 Exhibit U, # 21 Exhibit V, # 22 Exhibit W, # 23 Exhibit X, # 24 Exhibit Y, # 25 Exhibit Z, # 26 Exhibit AA, # 27 Exhibit BB, # 28 Exhibit CC, # 29 Exhibit DD, # 30 Exhibit EE, # 31 Exhibit FF, # 32 Exhibit GG, # 33 Exhibit HH)(Sheppard, Hille) (Entered: 06/22/2020) |
| 06/22/2020 | 109 | | SEALED DOCUMENT by Defendants AP IX (PMC) VoteCo, LLC, AP IX TITAN HOLDINGS GP, LLC, Apollo Global Management, LLC, Bryson Broadcast Holdings, LLC, Camelot Media Buyer, Inc., Camelot Media Holdings, LLC, NBI Holdings, LLC, Northwest Broadcasting, Inc., Northwest Broadcasting, LP, Terrier Media Buyer, Inc. *Terrier Defendants' Opposition to DISH's Motion for Preliminary Injunction (Unredacted Version) (Filed Under Seal)* (Attachments: # 1 Exhibit D, # 2 Exhibit E, # 3 Exhibit H, # 4 Exhibit I, # 5 Exhibit J, # 6 Exhibit K, # 7 Exhibit M, # 8 Exhibit N, # 9 Exhibit O, # 10 Exhibit Q, # 11 Exhibit R, # 12 Exhibit S, # 13 Exhibit T, # 14 Exhibit DD, # 15 Exhibit EE) (Sheppard, Hille) (Entered: 06/22/2020) |
| 06/22/2020 | 110 | ☐ 208.16KB | MOTION by Defendants AP IX (PMC) VoteCo, LLC, AP IX TITAN HOLDINGS GP, LLC, Apollo Global Management, LLC, Bryson Broadcast Holdings, LLC, Camelot Media Buyer, Inc., Camelot Media Holdings, LLC, NBI Holdings, LLC, Northwest Broadcasting, Inc., Northwest Broadcasting, LP, Terrier Media Buyer, Inc. to seal document sealed document,, 109 *Terrier Defendants' Motion for Leave to File Documents Under Seal (Unopposed)* (Sheppard, Hille) (Entered: 06/22/2020) |
| 06/23/2020 | 111 | ☐ 4.26KB | |

| | | | | |
|---|---|---|---|---|
| | | | | MINUTE entry before the Honorable Thomas M. Durkin:Defendants' unopposed motion for leave to file documents under seal 110 is granted. Mailed notice (srn, ) (Entered: 06/23/2020) |
| 06/23/2020 | 112 | 4.31KB | ☐ | MINUTE entry before the Honorable Thomas M. Durkin:Plaintiff's response to defendants' motion to dismiss 105 is due by 7/14/2020. Defendants' reply is due by 7/24/2020. The 6/25/2020 notice motion date is stricken. The Court will rule by mail. Mailed notice (srn, ) (Entered: 06/23/2020) |
| 06/26/2020 | 113 | | | SEALED REPLY by DISH Network L.L.C. to SEALED MOTION by Plaintiff DISH Network L.L.C. *Memorandum in Support of Motion for Preliminary Injunction* 95 , response in opposition to motion, 102 (Butcher, Jared) (Entered: 06/26/2020) |
| 06/26/2020 | 114 | 1.35MB | ☐ | REPLY by Plaintiff DISH Network L.L.C. to Sealed motion, 95 , sealed document,, 109 *Redacted Version* (Attachments: # 1 Exhibit Exhibit 17, # 2 Declaration Reply Declaration in Support of Motion for Preliminary Injunction)(Butcher, Jared) (Entered: 06/26/2020) |
| 06/26/2020 | 115 | 0.51MB | ☐ | MOTION by Plaintiff DISH Network L.L.C. to seal document reply 113 *Reply in Support of Motion for Preliminary Injunction* (Butcher, Jared) (Entered: 06/26/2020) |
| 06/29/2020 | ⬛ 116 | 120.83KB | ☐ | MOTION by Defendants AP IX (PMC) VoteCo, LLC, AP IX TITAN HOLDINGS GP, LLC, Apollo Global Management, LLC, Bryson Broadcast Holdings, LLC, Camelot Media Buyer, Inc., Camelot Media Holdings, LLC, NBI Holdings, LLC, Northwest Broadcasting, Inc., Northwest Broadcasting, LP, Terrier Media Buyer, Inc.The Terrier Defendants' Motion to Correct the Record Regarding Email Timestamps and to Strike DISH's Proposed Findings of Fact, Conclusions of Law, and Order *(Certain Exhibits Filed Under Seal) (Motion to Seal Pending)* (Attachments: # 1 Declaration of Neil Conrad, # 2 Index of Exhibits, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E)(Sheppard, Hille) (Entered: 06/29/2020) |
| 06/29/2020 | 117 | | | SEALED DOCUMENT by Defendants AP IX (PMC) VoteCo, LLC, AP IX TITAN HOLDINGS GP, LLC, Apollo Global Management, LLC, Bryson Broadcast Holdings, LLC, Camelot Media Buyer, Inc., Camelot Media Holdings, LLC, NBI Holdings, LLC, Northwest Broadcasting, Inc., Northwest Broadcasting, LP, Terrier Media Buyer, Inc. *The Terrier Defendants' Motion to Correct the Record Regarding Email Timestamps and to Strike DISH's Proposed Findings of Fact, Conclusions of Law, and Order (Certain Exhibits Filed Under* |

| | | | |
|---|---|---|---|
| | | | *Seal)* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit D, # 4 Exhibit E)(Sheppard, Hille) (Entered: 06/29/2020) |
| 06/29/2020 | ⬛ 118 | ☐ 11.73KB | MOTION by Defendants AP IX (PMC) VoteCo, LLC, AP IX TITAN HOLDINGS GP, LLC, Apollo Global Management, LLC, Bryson Broadcast Holdings, LLC, Camelot Media Buyer, Inc., Camelot Media Holdings, LLC, NBI Holdings, LLC, Northwest Broadcasting, Inc., Northwest Broadcasting, LP, Terrier Media Buyer, Inc. to seal document sealed document,, 117 *The Terrier Defendants' Motion to Correct the Record Regarding Email Timestamps and to Strike DISH's Proposed Findings of Fact, Conclusions of Law, and Order (Certain Exhibits Filed Under Seal)* (Sheppard, Hille) (Entered: 06/29/2020) |
| 06/30/2020 | 119 | ☐ 129.95KB | RESPONSE by DISH Network L.L.C.in Opposition to MOTION by Defendants AP IX (PMC) VoteCo, LLC, AP IX TITAN HOLDINGS GP, LLC, Apollo Global Management, LLC, Bryson Broadcast Holdings, LLC, Camelot Media Buyer, Inc., Camelot Media Holdings, LLC, NBI Holdings, LLC, Northwest Broadcasting, Inc., Northwes 118 *to "Correct" the Record Regarding Email Timestamps and to Strike Proposed Findings of Fact, Conclusion of Law, and Order* (Butcher, Jared) (Entered: 06/30/2020) |
| 07/07/2020 | 120 | ☐ 4.24KB | MINUTE entry before the Honorable Thomas M. Durkin:Plaintiff's motions to seal 97 115 are granted. (srn, ) (Entered: 07/07/2020) |
| 07/10/2020 | 121 | ☐ 44.36KB | ORDER Fifth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on July 10, 2020. This Order does not extend or modify any deadlines set in civil cases. No motions may be noticed for in-person presentment; the presiding judge will notify parties of the need, if any, for a hearing by electronic means or in-court proceeding. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 7/10/2020: Mailed notice. (Clerk7, Docket) (Entered: 07/10/2020) |
| 07/14/2020 | 122 | ☐ 461.00KB | RESPONSE by DISH Network L.L.C.in Opposition to MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Cox Media Group, LLC 105 (Butcher, Jared) (Entered: 07/14/2020) |
| 07/15/2020 | 123 | ☐ 4.30KB | MINUTE entry before the Honorable Thomas M. Durkin: Telephone status hearing is set for 7/16/2020 at 11:30 AM. The parties are to call 877-402-9757, access code 4410831. Mailed notice (srn, ) (Entered: 07/15/2020) |
| 07/16/2020 | 124 | ☐ 4.31KB | MINUTE entry before the Honorable Thomas M. Durkin:Telephone conference held on 7/16/2020. Telephone |

| | | | |
|---|---|---|---|
| | | | Conference set for 7/23/2020 at 09:00 AM. The parties are to call 877-402-9757, access code 4410831. Mailed notice (srn, ) (Entered: 07/16/2020) |
| 07/17/2020 | 125 | ☐ 4.40KB | MINUTE entry before the Honorable Thomas M. Durkin:The Court has been notified that plaintiff intends to file a motion to stay the dissolution of the Temporary Restraining Order. The Court will hear that motion, if filed, and any response on 7/20/2020 at 10:00 a.m. Telephone Conference set for 7/20/2020 at 10:00 AM. The parties are to call 877-402-9757, access code 4410831. Mailed notice (srn, ) (Entered: 07/17/2020) |
| 07/17/2020 | 126 | ☐ 386.67KB | MOTION by Plaintiff DISH Network L.L.C. to stay (Butcher, Jared) (Entered: 07/17/2020) |
| 07/19/2020 | 127 | ☐ 64.25KB | RESPONSE by AP IX (PMC) VoteCo, LLC, AP IX TITAN HOLDINGS GP, LLC, Apollo Global Management, LLC, Bryson Broadcast Holdings, LLC, Camelot Media Buyer, Inc., Camelot Media Holdings, LLC, NBI Holdings, LLC, Northwest Broadcasting, Inc., Northwest Broadcasting, LP, Terrier Media Buyer, Inc.in Opposition to MOTION by Plaintiff DISH Network L.L.C. to stay 126 (Sheppard, Hille) (Entered: 07/19/2020) |
| 07/19/2020 | 128 | ☐ 34.51KB | ATTORNEY Appearance for Defendants AP IX (PMC) VoteCo, LLC, AP IX TITAN HOLDINGS GP, LLC, Apollo Global Management, LLC, Apollo Investment Fund IX, LP, Bryson Broadcast Holdings, LLC, Camelot Media Buyer, Inc., Camelot Media Holdings, LLC, NBI Holdings, LLC, Northwest Broadcasting, Inc., Northwest Broadcasting, LP, Terrier Media Buyer, Inc. by Neil Harris Conrad (Conrad, Neil) (Entered: 07/19/2020) |
| 07/20/2020 | 129 | ☐ 188.48KB | MEMORANDUM Opinion and Order: For the reasons stated, the Court denies DISH's motion for a preliminary injunction. R. 91 . This Order supersedes the TRO, which will dissolve at 12:00 p.m. CST on July 22, 2020. Signed by the Honorable Thomas M. Durkin on 7/20/2020:Mailed notice(srn, ) (Entered: 07/20/2020) |
| 07/20/2020 | 130 | ☐ 4.54KB | MINUTE entry before the Honorable Thomas M. Durkin: Telephone conference held on 7/20/2020. For the reasons stated, the Court denies DISH's motion for a preliminary injunction. R. 91 . DISH's motion to stay pending appeal, R. 126 , is also denied with a written order to follow. Denying DISH's motion to stay does not supersede the Court's order that the TRO will dissolve at 12:00 p.m. CST on July 22,2020. The 7/23/2020 telephone conference is vacated and reset to 8/5/2020 at 09:00 AM. The parties are to call 877-402-9757, access code 4410831. The filing of a responsive pleading is |

| | | | |
|---|---|---|---|
| | | | stayed pending the next status. Mailed notice (srn, ) (Entered: 07/20/2020) |
| 07/20/2020 | 131 | ☐ 268.50KB | NOTICE of appeal by DISH Network L.L.C. regarding orders 130 , 104 , 129 , 90 Filing fee $ 505, receipt number 0752-17233989. Receipt number: n (Dockterman, Michael) (Entered: 07/20/2020) |
| 07/20/2020 | 132 | ☐ 346.31KB | DOCKETING Statement by DISH Network L.L.C. regarding notice of appeal 131 (Dockterman, Michael) (Entered: 07/20/2020) |
| 07/20/2020 | 🔒 133 | ☐ 75.59KB | TRANSCRIPT OF PROCEEDINGS held on 07/16/2020 before the Honorable Thomas M. Durkin. Order Number: 38832. Court Reporter Contact Information: Elia E. Carrion, EECarrionOfficialTranscript@gmail.com, (312) 408-7782.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 8/10/2020. Redacted Transcript Deadline set for 8/20/2020. Release of Transcript Restriction set for 10/19/2020. (Carrion, Elia) (Entered: 07/20/2020) |
| 07/20/2020 | 🔒 134 | ☐ 111.76KB | TRANSCRIPT OF PROCEEDINGS held on 07/20/2020 before the Honorable Thomas M. Durkin. Order Number: 38832. Court Reporter Contact Information: Elia E. Carrion, EECarrionOfficialTranscript@gmail.com, (312) 408-7782.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 8/10/2020. Redacted Transcript Deadline set for 8/20/2020. Release of Transcript Restriction set for 10/19/2020. (Carrion, Elia) (Entered: 07/20/2020) |
| 07/21/2020 | 135 | ☐ 112.90KB | ENTERED IN ERROR. (jh, ) Modified on 7/21/2020 (jh, ). (Entered: 07/21/2020) |

| 07/21/2020 | 136 | ☐ 105.57KB | NOTICE of Correction regarding 135 . (jh, ) (Entered: 07/21/2020) |
| 07/21/2020 | 137 | ☐ 112.90KB | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 131 . (jh, ) (Entered: 07/21/2020) |

View Selected

or

Download Selected

Total filesize of selected documents (MB): [                    ]

Maximum filesize allowed (MB): 30